UNITED STATES of America,
Plaintiff-Appellee,

v.

James Donald ECKMAN and William George Olive, Defendants-Appellants.

Nos. 78–5020, 78–5021.

United States Court of Appeals,
Sixth Circuit.

Argued July 6, 1978.

Decided Aug. 21, 1978.

Gary L. Van Brocklin, Youngstown, Ohio, for defendants-appellants.

James R. Williams, U. S. Atty., William J. Edwards, Asst. U. S. Atty., Cleveland, Ohio, for plaintiff-appellee.

Before PHILLIPS, Chief Judge, LIVELY, Circuit Judge, and PECK, Senior Circuit Judge.

588

PER CURIAM.

Appellants Eckman and Olive were indicted for possession of approximately 730 cases of cigarettes which were known to appellants to have been stolen from interstate commerce, in violation of 18 U.S.C. § 659. Both entered pleas of guilty, which were accepted by the district court. Both were placed on probation, which later was revoked, and both were ordered to report for execution of their sentences of imprisonment. Presently, appellants are in prison.

Eckman appealed to this court from the revocation of his probation. On May 3, 1977, this court affirmed the revocation in an unpublished order, 559 F.2d 1221 (table), *cert. denied,* 434 U.S. 828, 98 S.Ct. 107, 54 L.Ed.2d 87 (1977). A copy of the unpublished order of this court is made an appendix to this opinion.

After the foregoing decision, both Eckman and Olive filed motions for leave to withdraw their pleas of guilty pursuant to Fed.R.Crim.P. 32(d). The present appeal is from the order of the district court denying the motion of appellants to withdraw their pleas of guilty. It is contended that the district court abused its discretion in not permitting appellants to withdraw their guilty pleas because the district judge did not comply with Fed.R.Crim.P. 11.

The appeals were consolidated and heard on briefs and oral arguments by this court on July 6, 1978.

We conclude that the previous unpublished decision of this court in *Eckman, supra,* is dispositive of the Rule 11 issue. In that case, this court said (see Appendix): "The court further finds that there was no violation of the provisions of Rule 11, Federal Rules of Criminal Procedure."

Appellants contend that the foregoing unpublished decision is not binding because it was not designated for publication, relying on Local Sixth Circuit Rule 11, which provides: "Decisions of this court designated as not for publication should never be cited to this court or in any material prepared for this court." Appellants misapprehended the purpose of Local Rule 11. Obviously this rule would have no application in the present case, in which the precise question here presented involving appellant Eckman has been decided by this court in an unpublished decision.

The foregoing decision of this court clearly is res judicata as to Eckman. Olive contends that the decision is not binding upon him because he was not a party to the previous appeal. To remove any doubt on this issue, we have reviewed the record and conclude that the district court complied with Rule 11 of the Federal Rules of Criminal Procedure in accepting the guilty plea of Olive.

Upon review of the entire record, we conclude that the district court did not abuse its discretion in denying the motions of appellants to withdraw their guilty pleas.

Affirmed.

## APPENDIX

Before PHILLIPS, Chief Judge, ENGEL, Circuit Judge, and RUBIN, District Judge.*

## ORDER

James D. Eckman pleaded guilty in the district court of a violation of 18 U.S.C. § 659 which charged him with the theft of 730 cases of cigarettes from interstate commerce. The plea followed a negotiated agreement whereby the defendant was given a two-year suspended sentence and five years probation. The government agreed that if the defendant was not involved in any criminal activity for two years, the five year probationary period might be reduced to two years without any opposition to the termination by the government. Before the two-year period had been completed, however, Eckman was found guilty of a violation of other terms of his probation. The sentencing judge revoked his probation and imposed the two-year sentence.

* The Honorable Carl B. Rubin, Judge, United States District Court for the Southern District of Ohio, sitting by designation.

In his appeal from the order terminating his probation Eckman charges that his commitment for reasons other than the violation of the prohibition against criminal activity represents a breach of the bargain which he struck with the government at the time of his plea. He, therefore, seeks to have the sentence set aside and the cause remanded for either enforcement of the alleged agreement or vacation of the plea and trial of the charges against him.

Upon review, the court finds these contentions are without merit. There is no showing that the government violated its agreement or that the sentencing court did not respect its terms. The court further finds that there was no violation of the provisions of Rule 11, Federal Rules of Criminal Procedure. Accordingly,

IT IS ORDERED that the judgment of the district court is affirmed.