**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Danny WOODS, Defendant–Appellant.**

No. 88–4159.

United States Court of Appeals, Sixth Circuit.

Argued June 1, 1989.

Decided Sept. 25, 1989.

---

Alexander A. Rokakis, Asst. U.S. Atty., Cleveland, Ohio, for plaintiff-appellee.

---

Paul Mancino, Jr., Cleveland, Ohio, for defendant-appellant.

Before MARTIN, MILBURN, and BOGGS, Circuit Judges.

PER CURIAM.

Defendant-appellant Danny Woods appeals the district court's grant of summary judgment to the United States of America. The government, representing the Veterans Administration (VA), filed an action to recover educational assistance funds that the VA had paid to Woods. The VA, since the payment, had determined that Woods was not entitled to the funds. Because, in rendering its judgment, the district court failed to follow the dictates of the Federal Rules of Civil Procedure, we reverse and remand to the court below for further proceedings.

### I

Woods, a veteran, had been paid a total of $10,095.03 by the VA for educational assistance as of October 1985. At that time, the VA filed the complaint in this case, alleging that Woods was not entitled to all the funds that he received and that he owed the government $4,485.33 plus interest and administrative costs. The complaint alleged that Woods was not entitled to the money because he withdrew from several of the courses he had enolled in and because he enrolled in courses that were not required for his program of study. Woods insists, as to this last point, that he cleared all his course choices with a VA representative. The name of the representative he spoke to eludes him.

In June 1986, the government moved for summary judgment. In support of this motion, the government submitted an affidavit from Joseph A. Carilli, the finance officer of the VA's Cleveland office, with an attached certificate of indebtedness showing how much Woods owed. Carilli's affidavit stated that the certificate of indebtedness was computed correctly.

Woods responded by submitting his own affidavit stating that he sought, and had received, approval from a VA representative before registering for his courses.

In June 1988, the court below, in an order written in the margin of the government's motion, granted summary judgment to the government.[1] Woods then filed a motion to alter or amend the judgment, pursuant to Rule 59 of the Federal Rules of Civil Procedure. In October 1988, in another marginal order, the court below denied Woods's motion. This appeal followed.

### II

Rule 58 of the Federal Rules of Civil Procedure, which concerns the entry of judgments, states, in part: "Every judgment shall be set forth on a separate document." The purpose of this rule is "to enable a party to know when the court regards the case as closed and intends that no further action be taken, and thus to know when the time to appeal has commenced to run." *Ellender v. Schweiker*, 781 F.2d 314, 317 (2nd Cir.1986).

The court below did not set forth its judgment on a separate document; it instead rendered its judgment in a marginal order. Such an order is not sufficient to meet the requirements of Rule 58. A marginal order does not adequately notify a party that its time for appeal has begun to run, for a party may reasonably be confused as to the standing of its case when a decision is rendered in such an informal manner. It is, in sum, the command of the Federal Rules and of this court that the grant of summary judgment be set forth on a separate document.

Aside from its violating Rule 58, the marginal order used in this case complicates appellate review of the lower court decision in another way. While Rules 52 and 56, Fed.R.Civ.P., do not absolutely require a lower court to issue findings of fact and conclusions of law, or even any reasons, when deciding a motion for summary

---

1. The marginal order stated: "It clearly appearing that there is no issue as to any material fact in this matter, and that the plaintiff is entitled to

judgment as a matter of law, the motion for summary judgment is granted. So ordered. AMB 6/7/88".

judgment, district courts should generally set out the reasons for their decisions with some specificity, in clear though brief language, rather than simply tracking the language of the rule in their orders. When a motion for summary judgment is granted, as in this case, without any indication as to the specific facts and rules of law supporting the court's decision, it is difficult, except in the simplest of cases, for an appellate court to review such a decision. The absence of reasons may also often prejudice the reviewing court's view of the correctness of the decision below.

For the reason given above and the violation of Rule 58, we REVERSE the decision of the court below and REMAND for further proceedings.