899 F.2d 1223
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Donald R. WARD, Plaintiff-Appellant,
v.
STATE of Tennessee; Stephen Norris; Department of
Corrections; Larry Lack, Warden; Fred Raney; D.E. Crowe;
Etter D. Voss; Joyce Felts; Dwight Gramble; Rick Agee;
Charles Bass, Defendants-Appellees.
 No. 89-5829.
 United States Court of Appeals, Sixth Circuit.
 April 9, 1990.
 
 1
 Before KEITH and RYAN, Circuit Judges; and JAMES P. CHURCHILL, Senior District Judge.5n*9
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Donald R. Ward appeals the dismissal of his prisoner civil rights complaint filed under 42 U.S.C. Sec. 1983 as frivolous pursuant to 28 U.S.C. Sec. 1915(d). Ward was found guilty of the prison disciplinary infractions of intoxication and disrespect. It was recommended that he be terminated from the Nashville Community Service Center program. Ward alleged that the defendant prison officials and personnel deprived him of due process during the disciplinary hearing. Specifically, he alleged: 1) that the failure to conduct his disciplinary hearing within 72 hours of the prison write-up deprived him of due process; 2) that he was denied due process because the charge of disrespect was neither dismissed as a lesser included offense of intoxication nor proven by a preponderance of the evidence; 3) that he was denied due process in that his inmate legal advisor was not properly trained in the law and was not given sufficient time to prepare a defense; 4) that he was not allowed to present witnesses; 5) that he was not provided with a complete and adequate statement of the evidence relied upon by the disciplinary board; and 6) that he was denied a meaningful appellate review. He sought monetary, declaratory and injunctive relief.
 
 
 4
 The district court reviewed the record, including Ward's objections to the magistrate's report, and adopted the magistrate's recommendation to dismiss the complaint as frivolous pursuant to Sec. 1915(d) and Malone v. Colyer, 710 F.2d 258, 260-61 (6th Cir.1983).
 
 
 5
 Upon review, we conclude that dismissal was proper because it appears beyond doubt that Ward can prove no set of facts showing he is entitled to the relief he seeks. See Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir.1988). Ordinarily, the more stringent standard of review enunciated in Neitzke v. Williams, 109 S.Ct. 1827, 1831 (1989), is mandated in a Sec. 1915(d) sua sponte dismissal on the basis of frivolity; i.e., where the complaint lacks an arguable basis in law or fact. However, we review this case under the more liberal standard applicable to Rule 12(b)(6) dismissals because plaintiff received notice from the magistrate before his suit was dismissed. Thus, Sec. 1915(d) does not have to serve as a basis for the dismissal as it must when the plaintiff does not receive notice of the imminent dismissal. See Tingler v. Marshall, 716 F.2d 1109, 1111-12 (6th Cir.1983).
 
 
 6
 Plaintiff fails to state a claim insofar as he alleged that he was denied due process prior to his disciplinary hearing. Essentially, plaintiff claimed that Tennessee Department of Corrections Policy Directives create a vested liberty interest in a maximum 72-hour period of segregation prior to disciplinary hearings. An expectation of receiving process is not, without more, a liberty interest protected by the due process clause. See Olim v. Wakinekona, 461 U.S. 238, 250 (1983). Moreover, the relevant prison regulation does not contain explicit mandatory language creating a protected liberty interest in receiving a disciplinary hearing within 72 hours of a rule infraction write-up. Cf. Kentucky Dep't of Corrections v. Thompson, 109 S.Ct. 1904, 1909-10 (1989). In addition, any delay in conducting the disciplinary hearing does not constitute a federal constitutional violation as the record reflects such delay was neither excessive nor unreasonable. See Loudermill v. Cleveland Board of Education, 721 F.2d 550, 563-64 (6th Cir.1983), aff'd, 470 U.S. 532 (1985).
 
 
 7
 Next, plaintiff fails to state a claim insofar as he alleged that the offense of disrespect should have been dismissed as a lesser included offense of intoxication. For a lesser included offense to exist, every element of that offense must be an element of the greater offense. Here, plaintiff has not shown, nor does the record reflect, that the offense of disrespect is a lesser included offense of intoxication. Thus, plaintiff can prove no set of facts entitling him to relief on this ground.
 
 
 8
 Further, plaintiff can prove no set of facts entitling him to relief insofar as he claimed he was denied due process because his inmate legal advisor was untrained in the law and had inadequate time to prepare a defense. Under the minimum requirements of due process delineated in Wolff v. McDonnell, 418 U.S. 539 (1974), an inmate subject to disciplinary action is entitled to have the opportunity to be represented by an inmate legal advisor. However, due process does not require that a prisoner be afforded the best inmate advisor.
 
 
 9
 Plaintiff fails to state a claim insofar as he alleged he was denied the opportunity to present witnesses at his disciplinary hearing. While due process requires that plaintiff be afforded the limited opportunity to present witnesses in his behalf, see Wolff, 418 U.S. at 564-65, the record reveals that plaintiff did not request witnesses at his hearing. In the absence of any request, there can be no due process violation. Thus, it appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief on this claim.
 
 
 10
 Plaintiff can prove no set of facts insofar as he alleged he was denied appellate review because the record reflects that the defendants carefully considered plaintiff's disciplinary appeal.
 
 
 11
 Further, plaintiff can prove no set of facts that he was found guilty on both offenses of intoxication and disrespect without a preponderance of the evidence. The reporting officer's written statement that upon finding plaintiff "highly intoxicated," plaintiff became "very belligerent" and "started cussing," constitutes "some evidence" supporting the disciplinary board's decision. See Superintendent, Mass. Correctional Inst. v. Hill, 472 U.S. 445, 455-56 (1985). Notwithstanding plaintiff's argument to the contrary, the "some evidence" standard in Hill controls his case as it was enunciated and applied by the U.S. Supreme Court in a prison disciplinary case.
 
 
 12
 Lastly, plaintiff can prove no set of facts entitling him to relief insofar as he complained that he was not provided with a complete and adequate hearing summary on either charge. Plaintiff was not denied the minimal measures of due process as set forth in Wolff. Here, the hearing summaries referred not only to the write-up but also to evidence of plaintiff's prior disciplinary record of drinking sufficient to apprise plaintiff of the information relied on as required under Wolff.
 
 
 13
 Finally, we note that, although marginal orders are disfavored because they do not express a rationale, see United States v. Woods, 885 F.2d 352, 353 (6th Cir.1989), in this case the rationale is apparent from a review of the magistrate's report and recommendation.
 
 
 14
 For the foregoing reasons, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James P. Churchill, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation