899 F.2d 1221
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles Orin HOOD, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 89-5833.
 United States Court of Appeals, Sixth Circuit.
 April 12, 1990.
 
 Before KEITH and DAVID A. NELSON, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Charles Orin Hood is a federal prisoner who appeals the district court's summary denial of a motion to correct his sentence that he had filed under 28 U.S.C. Sec. 2255. Hood's case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 On September 1, 1978, Hood was sentenced to consecutive terms of 91 years for kidnapping and 5 years for transporting a stolen motor vehicle in violation of 18 U.S.C. Secs. 2, 1201 and 2312. In his Sec. 2255 motion, Hood argued that the district court had erred when it specified that he would not become parole eligible for 30 years. The district court denied this motion by a marginal endorsement on June 26, 1989.
 
 
 3
 Hood's motion was based on a recent Sixth Circuit case that limited the district courts' authority to specify long terms of imprisonment before parole eligibility. United States v. Hagen, 869 F.2d 277, 280-81 (6th Cir.), cert. denied, 109 S.Ct. 2084, 3228 (1989). Hood argues that, under Hagen, federal prisoners become eligible for parole after no more than 10 years, even if they are serving a lengthy term of imprisonment. The appellee argues that Hagen is not controlling because this court has already considered the propriety of Hood's parole eligibility date both in affirming his conviction on direct appeal and in affirming the denial of a motion that he had filed under Fed.R.Crim.P. 35. Thus, the merit of Hood's appeal turns largely on the res judicata effect of the two earlier unpublished opinions in his case. Compare Harrington v. Vandalia-Butler Bd. of Educ., 649 F.2d 434, 437-39 (6th Cir.1981) and United States v. Eckman, 581 F.2d 587, 588 (6th Cir.1978) with Cale v. Johnson, 861 F.2d 943, 947 (6th Cir.1988).
 
 
 4
 We will not reach this issue because the order denying Hood's Sec. 2255 motion was not in the form that is required by Fed.R.Civ.P. 58. See United States v. Woods, 885 F.2d 352, 353-54 (6th Cir.1989). The district court's marginal notation is a "judgment" within the meaning of Rule 58 because it is appealable. See Fed.R.Civ.P. 54(a). Rule 58 requires that "[e]very judgment shall be entered on a separate document." Fed.R.Civ.P. 58; Woods, 885 F.2d at 353. The court's ruling in the instant case was not entered on a separate document, and it did not provide an appropriate basis for appellate review of the decision to deny Hood's motion. See id. at 353-54.
 
 
 5
 Accordingly, the district court's judgment is hereby vacated, and the case is remanded so that the district court can provide the rationale for whatever judgment it may enter. Rule 9(b)(6), Rules of the Sixth Circuit.