902 F.2d 477
 52 Fair Empl.Prac.Cas. 1410,
53 Empl. Prac. Dec. P 39,917
Donald AKERS, on behalf of himself and all others similarly
situated, et al., Plaintiffs-Appellants,
v.
OHIO DEPARTMENT OF LIQUOR CONTROL; Clifford A. Reich,
Director, Ohio Department of Liquor Control,
Defendants-Appellees.
 No. 89-3709.
 United States Court of Appeals,
Sixth Circuit.
 Argued April 5, 1990.
Decided May 8, 1990.
 
 Harold L. Williams (argued), Legal Aid Soc. of Cleveland, Cleveland, Ohio, for plaintiffs-appellants.
 Rita S. Eppler (argued), Office of the Atty. Gen. of Ohio, Columbus, Ohio, for defendants-appellees.
 Before MARTIN and JONES, Circuit Judges, and FEIKENS, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiffs, Donald Akers, et al. (Employees), appeal the order refusing to modify a consent decree in this civil rights employment action. For the following reasons, we reverse and remand.
 
 I.
 
 2
 On July 5, 1977, the Employees filed a class action challenging the employment practices of defendant-appellee Ohio Department of Liquor Control (ODLC) as racially discriminatory. The Employees charged that the ODLC segregated its workforce by restricting black employees to state-owned liquor stores located in predominantly black areas, while allowing white employees to work at any of the stores. On May 27, 1983, the United States District Court for the Northern District of Ohio, Judge Alvin Krenzler presiding, approved a consent decree between the parties. Paragraph seven of the consent decree provided that:
 
 
 3
 No later than two years after the effective date of the consent decree, no store shall have more than 67% black employees, notwithstanding any other provisions contained herein. If any store has more than 67% black employees at the end of two years after the effective date of the consent decree, sufficient numbers of the least senior black employees in each such store shall be transferred to other stores in the same county and replaced with the least senior white employees of the stores to which the black employees are transferred, so that no store will have more than 67% black employees.
 
 
 4
 J.App. at 43. Paragraph sixteen of the consent decree required that the ODLC provide quarterly progress reports for a period of six years from the effective date of the consent decree--two years for implementation and four years for monitoring. Id. at 44-45.
 
 
 5
 In order to meet the requirements of paragraph seven, the ODLC determined that sixty employees, thirty white and thirty black, would have to be transferred. Before the compliance deadline in 1985, thirty-one class members filed motions to intervene to halt the proposed transfers. The district court stayed the requirements of paragraph seven until it ruled on these motions for intervention. Subsequently, four years passed in which the ODLC was not required to follow the key provision of the consent decree. Realizing that the consent decree was set to expire on its own terms in May 1989, the Employees asked for a modification to the consent decree on May 2, 1989. The consent decree originally contemplated a two-year implementation period and a four-year monitoring period. However, with the stay in effect for four years without a ruling by Judge Krenzler, the decree was set to expire without any monitoring period at all. As such, the Employees requested an additional four years of monitoring to ensure compliance with the decree.
 
 
 6
 At the hearing of June 30, 1989, Judge Krenzler asked what would happen if he denied the motions to intervene and the motion to modify the consent decree. The following exchange occurred:
 
 
 7
 MS. EPPLER [attorney for the ODLC]: From the Department of Liquor Control's perspective, your honor, we would be able to comply, we would be able to bring the stores into a posture where this case would be dismissed any time after October 15th.
 
 
 8
 MR. WILLIAMS [attorney for the Employees]: That's where we disagree. She wants to dismiss the case. We say under paragraph seven--
 
 
 9
 THE COURT: Just talk about my--my statement was if I overrule your motion, I overrule the motion to intervene, and put on an order that the consent decree will be complied with by October 15th--that's all I talked about; I didn't talk about anything else--would that be in compliance with the order?
 
 
 10
 MR. WILLIAMS: That would be compliance with the order as far as desegregating the stores, your Honor.
 
 
 11
 THE COURT: The rest of the order stands. I am not vacating anything.
 
 
 12
 MR. WILLIAMS: So that would give me four years of monitoring as the order says.
 
 
 13
 THE COURT: And she wants to vacate so you can't monitor.
 
 
 14
 MR. WILLIAMS: She wants to dismiss which means I wouldn't monitor.
 
 
 15
 MS. EPPLER: Your Honor, as far as the Department is concerned the only thing that we have really taken issue with on the monitoring question is the expansion of the documentation that's been requested by Mr. Williams.
 
 
 16
 I think that the Department would stand ready, willing and able to provide compliance or to show that the compliance is still the case for the next four years. I think our concern is that Mr. Williams is expecting us to modify and go back to give him discovery that really should have taken place several years back.
 
 
 17
 J.App. at 261-63.
 
 
 18
 The district court subsequently issued an order denying the pending motions to intervene and the recent motion for a modification. In addition, the court lifted the stay and ordered full compliance with paragraph seven by October 31, 1989. Soon after the issuance of this order, the counsel for the Employees sent a letter to the counsel for the ODLC suggesting that the court intended to allow monitoring for the next four years. The counsel for the ODLC responded that the district court's order did not require any continuing progress reports. As a result of this disagreement, the Employees filed a motion for clarification with the district court. The court overruled this motion by marginal entry on July 27, 1989.
 
 II.
 
 19
 "A trial court has broad discretion in administering consent decrees." Stotts v. Memphis Fire Department, 679 F.2d 541, 562 (6th Cir.1982), rev'd on other grounds, 467 U.S. 561, 104 S.Ct. 2576, 81 L.Ed.2d 483 (1984). This court will not disturb the ruling of the district court regarding a modification of the consent decree unless there was an abuse of discretion. Id. at 564. Modification of a consent decree requires "a complete hearing and findings of fact." Brown v. Neeb, 644 F.2d 551, 560 (6th Cir.1981). A generally accepted reason for modification is a change in the "essential facts upon which the decree is based." Stotts, 679 F.2d at 563. In deciding whether to modify, the district court is to look at the "four corners" of the consent decree and the "circumstances surrounding its formulation." Dotson v. U.S. Department of Housing and Urban Development, 731 F.2d 313, 318 (6th Cir.1984).
 
 
 20
 Though the district court effectively modified the consent decree through its four-year "practical stay" and subsequent denial of the motion for modification, we must treat the case procedurally as an appeal of the court's denial of the motion for modification. Thus, the issue before us is whether the court's refusal to modify was justified in light of the original purpose of the decree. Upon review of the record, we believe that modification of the agreement to provide for four years of monitoring is necessary to effectuate the original intent of the parties. The consent decree allowed the ODLC two years to desegregate the stores and subsequently required four years to monitor whether there was compliance with the order. Because of the district court's four-year stay, there was a delay in the implementation of paragraph seven of the consent decree. When the district court finally lifted the stay, the consent decree had almost expired on its own terms. Judge Krenzler gave no articulable reason for denying the motion for modification, either in the order or at the hearing. Without a modification, the original plan of four years of reports on the compliance with the plan would be lost. This certainly was not the original intent of the parties. As such, we hold that the district court abused its discretion in refusing to modify the consent decree.
 
 
 21
 In addition, we note that Judge Krenzler denied the motion for clarification of the June 30, 1989 order by writing "Motion overruled" and signing his name in the margin of the motion. This marginal order is in violation of Fed.R.Civ.P. 58, which states that "[e]very judgment shall be set forth on a separate document." In United States v. Woods, 885 F.2d 352, 353 (6th Cir.1989), this court reversed a court's grant of summary judgment because it was a marginal entry. The fact that a different order is involved in the instant case does not change the applicability of Rule 58. Therefore, the lack of a separate document for the order is an additional basis for reversing the district court.
 
 III.
 
 22
 For the foregoing reasons, we REVERSE and REMAND the case with instructions to modify the consent decree to allow four years of monitoring, beginning on October 31, 1989.
 
 
 
 *
 The Honorable John Feikens, Senior United States District Judge for the Eastern District of Michigan, sitting by designation