905 F.2d 1539
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Pearly L. WILSON, Plaintiff-Appellant,
v.
LIGGETT & MEYERS, INC. Defendant-Appellee, (89-4123)
Benson & Hedges 100's, Defendant-Appellee. (89-4139)
 Nos. 89-4123, 89-4139.
 United States Court of Appeals, Sixth Circuit.
 June 20, 1990.
 
 1
 Before MERRITT, Chief Judge, MILBURN, Circuit Judge, ENGEL Senior Circuit Judge.
 
 ORDER
 
 2
 Pearly L. Wilson is a pro se Ohio prisoner who appeals the dismissal of two products liability suits that he had brought under 28 U.S.C. Sec. 1332. His cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, the panel unanimously agrees that oral argument is not needed in these cases. Fed.R.App.P. 34(a).
 
 
 3
 Wilson had filed separate complaints against twelve tobacco companies alleging: 1) that they were negligent because they failed to warn non-smokers about the harmful effects of passive smoke; 2) that they failed to "brand" their products as required by 15 U.S.C. Secs. 1331-40; and 3) that their products were defective and unreasonably dangerous to non-smokers. The district court consolidated these cases for pretrial purposes. Two of the defendants later filed motions to dismiss, which were granted by judgments that were entered on December 4 and December 11, 1989.
 
 
 4
 The district court expressly relied on an earlier order that it had entered dismissing three of the other defendants in this case. This court affirmed that order in an opinion that considered most of the issues raised in the present appeals. Wilson v. American Tobacco Co., Nos. 89-3909/89-3910/89-3911 (6th Cir. March 15, 1990) (unpublished). That opinion is dispositive here. Cf. Harrington v. Vandalia-Butler Bd. of Educ., 649 F.2d 434, 437-39 (6th Cir.1981); United States v. Eckman, 581 F.2d 587, 588 (6th Cir.1978).
 
 
 5
 The only new argument that is raised by Wilson in his present appeal concerns the definition of the word preemption. This argument is wholly frivolous. We note that this court has already imposed a $3.00 filing fee in each of Wilson's appeals and advised him that additional fees or sanctions would be imposed if he continued to file frivolous appeals. Wilson v. Denton, Nos. 89-3454/89-3978 (6th Cir. March 20, 1990) (unpublished). Wilson is again advised that he may be subject to additional fees or sanctions in the future. Cf. Maxberry v. S.E.C., 879 F.2d 222, 224 (6th Cir.1989).
 
 
 6
 Accordingly, it is hereby ORDERED that Wilson's request for counsel is denied and that the district court's judgments are affirmed.