919 F.2d 141
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Parnell SEATON, Petitioner-Appellee Cross-Appellant,
v.
John JABE, Respondent-Appellant Cross-Appellee.
 Nos. 90-1808, 90-1853.
 United States Court of Appeals, Sixth Circuit.
 Nov. 28, 1990.
 
 Before KENNEDY and MILBURN, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 This matter is before the court upon consideration of Jabe's motion to dismiss the appeal and cross-appeal for lack of jurisdiction because the order that both parties appealed from is not a final order. In response, Seaton has filed a motion to vacate the district court's order entered October 30, 1990.
 
 
 2
 A review of the documents before the court indicates that on April 25, 1990, the district court entered the magistrate's report and recommendation recommending that Seaton's petition for a writ of habeas corpus be granted in part on the issue of sentencing. On July 5, 1990, the district court accepted the report and recommendation, stating that judgment was entered for Jabe and stating that the writ should issue. Jabe appealed on July 19, 1990, and Seaton cross-appealed on July 24, 1990. On July 31, 1990, Seaton moved for clarification of the inconsistent judgment, and the district court granted the motion on October 30, 1990. On that same date, the district court entered an order rejecting the magistrate's report and recommendation, clarified its July 5, 1990, judgment, and denied the petition for writ of habeas corpus.
 
 
 3
 This court lacks jurisdiction over the appeal and cross-appeal. The original order of dismissal entered July 5, 1990, is styled "Order Accepting Magistrate's Report and Recommendation" and the last paragraph on that same page is entitled "Judgment." We note that the district court did not follow Fed.R.Civ.P. 58 concerning the entry of judgments. This rule requires that every judgment be set forth on a separate document. Cf. Akers v. Ohio Dep't of Liquor Control, 902 F.2d 477, 480 (6th Cir.1990) (per curiam), United States v. Woods, 885 F.2d 352, 353 (6th Cir.1989) (per curiam) (marginal orders violated separate document provisions of Fed.R.Civ.P. 58). Equally deficient is the district court's order entered October 30, 1990. That document is styled "Order Rejecting Magistrate's April 14, 1990, Report and Recommendation and Order Clarifying & Correcting This Court's Order of June 29, 1990."
 
 
 4
 The instant appeal and cross appeal were not taken from a separate judgment entered pursuant to Fed.R.Civ.P. 58.
 
 
 5
 Accordingly, the motion to dismiss is granted, and the motion to vacate is denied. It is ORDERED that the appeal and cross-appeal be, and they hereby are, dismissed for lack of jurisdiction. Rule 8, Rules of the Sixth Circuit. The district court is directed to enter a separate judgment in accordance with Fed.R.Civ.P. 58. Any notice of appeal shall be filed within thirty days of such judgment as prescribed by Fed.R.App.P. 4(a).