941 F.2d 1210
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Richard LEIRER, Plaintiff-Appellee,
v.
CITY OF PARMA, et al., Defendant-Appellants.
 No. 91-3230.
 United States Court of Appeals, Sixth Circuit.
 Aug. 26, 1991.
 
 Before MILBURN and SUHRHEINRICH, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendants City of Parma, Michael Ries, and Jack Krise appeal from the district court's denial of their motion for summary judgment on the basis of qualified immunity in this action brought under 42 U.S.C. § 1983.[1] The district court, by marginal entry, denied defendants' motion on February 4, 1991. This marginal order violates Fed.R.Civ.P. 58, which provides that "[e]very judgment shall be set forth on a separate document." See Bank One of Cleveland, N.A., 916 F.2d 1067, 1082 (6th Cir.1990); Akers v. Ohio Dep't of Liquor Control, 902 F.2d 477, 480 (6th Cir.1990); United States v Woods, 885 F.2d 352, 353 (6th Cir.1989). Moreover, the district court's articulation of the reasons for its decision aids our review. Woods, 885 F.2d at 354.
 
 
 2
 Accordingly, the judgment of the district court is hereby REVERSED and REMANDED to the district court with instructions to prepare and file an opinion setting out its reasons for denial of summary judgment based on qualified immunity.
 
 
 3
 SO ORDERED.
 
 
 
 [1]
 A district court's denial of a motion for summary judgment seeking immunity in a section 1983 claim is an immediately appealable collateral order. Haynes v. Marshall, 887 F.2d 700, 702 (6th Cir.1989); Kennedy v. City of Cleveland, 797 F.2d 297, 299-300 (6th Cir.1986), cert. denied, 479 U.S. 1103 (1987)