7 F.3d 234
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William Isom MOSES, Petitioner-Appellant,
v.
Michael J. O'DEA, III, Warden, Respondent-Appellee.
 No. 93-5428.
 United States Court of Appeals, Sixth Circuit.
 Oct. 1, 1993.
 
 E.P.Ky., No. 92-00061, Ferester, J.
 
 
 1
 E.D.Ky.
 
 
 2
 AFFIRMED.
 
 
 3
 Before: MILBURN and NELSON, Circuit Judges, and GILMORE, Senior District Judge.*
 
 ORDER
 
 4
 William Isom Moses, a pro se Kentucky state prisoner, appeals a district court order filed February 3, 1993, that corrected a district court order dismissing Moses's petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 5
 Moses was paroled to federal custody in 1976 after serving part of a 24 year Kentucky sentence for manslaughter and escape. Federal authorities, in turn, released him in 1977 after completion of his two year federal sentence, but he remained on Kentucky parole. Moses was convicted of bank robbery in 1980 and received an additional 15 year federal sentence, from which he was paroled to Kentucky custody in 1984 pursuant to a parole violation detainer. He was again paroled by Kentucky in 1986, but was convicted of new state crimes in 1989, while still on both state and federal parole. The record is unclear on whether his new 10 year sentence runs consecutively or concurrently to the 24 year sentence which was reinstated due to his parole revocation.
 
 
 6
 In his habeas petition, Moses argued that Kentucky gave up jurisdiction to enforce his sentences for manslaughter and escape in 1976 when he was paroled to federal custody, and in 1980 when Kentucky permitted his federal prosecution for bank robbery. A magistrate judge recommended that Moses's petition be denied after concluding that it was constitutionally permissible for the federal government and state to agree between themselves the order in which a prisoner who has committed crimes under both jurisdictions would serve his sentences. The magistrate judge further found that the governor of Kentucky specifically retained jurisdiction over Moses by the terms of his conditional release in 1976. The district court overruled Moses's objections, adopted the magistrate judge's findings of fact, and dismissed the petition with prejudice in an opinion and judgment entered January 26, 1993. A correction to the district court's opinion was filed on February 3, 1993. It is from the February 3, 1993, order that Moses appeals. Moses argues that the district court lacked jurisdiction to correct the January 26, 1993, order denying habeas corpus relief because a notice of appeal had been filed.
 
 
 7
 Upon review, we affirm the district court's order. The previous unpublished decision of this court in Moses v. O'Dea, No. 93-5150 (6th Cir. June 11, 1993), is dispositive of the issue in the instant case. Although unpublished, the prior order affirming the denial of habeas corpus relief and the finding therein that the district court retained jurisdiction to correct clerical mistakes after the filing of a notice of appeal was res judicata of Moses's subsequent appeal challenging the district court's authority to do the same. See Agristor Leasing v. A.O. Smith Harvestore Products, Inc., 869 F.2d 264, 268 (6th Cir.1989); United States v. Eckman, 581 F.2d 587, 588 (6th Cir.1978) (per curiam).
 
 
 8
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Horace W. Gilmore, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation