23 F.3d 406
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Mounir AWAD, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-2378.
 United States Court of Appeals, Sixth Circuit.
 April 27, 1994.
 
 Before: GUY and NELSON, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Mounir Awad, a federal prisoner, requests the appointment of counsel for purposes of oral argument and appeals a district court order which denied his motion to vacate sentence filed under 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Awad entered a guilty plea to a charge of conspiracy to defraud the United States; he was sentenced to sixty months of imprisonment and ordered to pay restitution in the amount of $96,222. He filed a direct appeal pro se, in which he raised claims of involuntary plea, erroneous denial of his motion to withdraw his plea, and ineffective assistance of counsel. His conviction was affirmed. He was subsequently permitted to file an untimely motion for rehearing, in which he attacked the factual basis for the plea. Rehearing was also denied.
 
 
 3
 Awad then filed this motion to vacate sentence, raising five new grounds for relief. The government argued that the motion should be denied because Awad had not established cause and prejudice to excuse his failure to raise these issues on direct appeal. The district court agreed and denied the motion. On appeal, Awad argues that he has established cause and prejudice to allow consideration of the merits of his claims, or alternatively, that he is not required to do so because he is actually innocent of the sentence imposed.
 
 
 4
 As a preliminary matter, petitioner argues that the district court improperly adopted the reasoning used by the respondent as the basis for the district court's decision. District courts should generally draft an order that sets out the reasons for their decisions with some specificity; otherwise, it is difficult for an appellate court to review such a decision. United States v. Woods, 885 F.2d 352, 353-54 (6th Cir.1989) (per curiam). However, we will not remand this case to the district court because petitioner's motion to vacate is without merit.
 
 
 5
 Upon review, we conclude that this motion to vacate was properly denied without consideration of the merits of the claims raised, as Awad did not establish cause for or prejudice from his failure to raise these issues on direct appeal. See United States v. Frady, 456 U.S. 152, 167-69 (1982).
 
 
 6
 Awad alleges that his counsel's failure to raise three of the issues in the district court constitutes cause for his failure to raise them on direct appeal. However, review of the record shows that his counsel actually raised two of the arguments (obstruction of justice enhancement based on an act committed before the investigation in this case commenced, determination of amount of loss) in a motion to correct the presentence report, and argued them in a two day evidentiary hearing prior to sentencing. The claim of attorney error as to these two issues is thus unfounded. As to the third issue, the obstruction of justice enhancement based on other acts first brought out at the sentencing hearing, counsel was not ineffective for failing to object because an objection would have been meritless. See United States v. Silverman, 976 F.2d 1502, 1512 (6th Cir.1992) (en banc), cert. denied, 113 S.Ct. 1595 (1993). Moreover, the argument that counsel's failure to raise these claims in the district court excuses Awad's failure to raise them on direct appeal is illogical, as Awad finds no problem in raising the same issues now, while the standard for raising a new claim on collateral attack is stricter than on direct appeal. See Frady, 456 U.S. at 166.
 
 
 7
 Awad raises no other grounds for finding ineffective assistance of counsel. That claim was therefore properly rejected.
 
 
 8
 As to the fifth claim raised, Awad relies on a change in the law to establish cause for failing to raise it on direct appeal. His reliance on United States v. Romano, 970 F.2d 164, 166-67 (6th Cir.1992), in support of his claim of double counting the same behavior to enhance both for more than minimal planning and being an organizer or leader does not help his argument, as that decision was issued prior to the decision affirming Awad's conviction. Awad does not explain his failure to bring the decision to the attention of the court, even in his subsequent motion for rehearing.
 
 
 9
 Finally, Awad's argument that he need not establish cause and prejudice because he is "actually innocent" of the sentence imposed is rejected in light of Sawyer v. Whitley, 112 S.Ct. 2514, 2522-23 (1992).
 
 
 10
 Awad was required to establish cause to excuse his failure to raise these claims on direct appeal. As he failed to do so, his motion to vacate sentence was properly denied. The district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.