50 F.3d 11
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Billy WILLIAMS, Defendant-Appellant.
 No. 94-3488.
 United States Court of Appeals, Sixth Circuit.
 March 15, 1995.
 
 Before: LIVELY, RYAN and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Billy Williams appeals pro se from a district court judgment that denied his motion for correction of sentence. His appeal has been referred to a panel of this court pursuant to Rule 9(a). Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Williams pleaded guilty to two counts of being a felon in possession of a firearm, a violation of 18 U.S.C. Secs. 922(p)(1) and 924(c). On April 30, 1993, the district court sentenced Williams to an aggregate term of 4 years of imprisonment and 3 years of supervised release, as a result of this plea.
 
 
 3
 On February 14, 1994, Williams moved the district court to modify or correct his sentence by giving him an additional 1 point reduction for acceptance of responsibility under USSG Sec. 3E1.1. He argued that he had been denied effective assistance of counsel because his attorney did not request this reduction. The district court denied Williams's motion by a marginal entry on April 13, 1994. It is from this judgment that he now appeals.
 
 
 4
 We will not reach the substantive merits of Williams's claim because the district court's marginal entry does not provide an adequate basis for appellate review. See United States v. Woods, 885 F.2d 352, 353-54 (6th Cir.1989); United States v. Edwards, 711 F.2d 633, 634 (5th Cir.1983). The marginal judgment in the present case provides even less information than the judgment that was rejected in Woods. See 885 F.2d at 353 n. 1. For example, the district court did not resolve the ambiguity surrounding the jurisdictional basis of Williams's motion, an issue that may affect the timeliness of his appeal as well as the standard of appellate review.
 
 
 5
 Accordingly, the district court's judgment is vacated, and the case is remanded for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit.