**Terrill D. BYBEE, Plaintiff–Appellant,**

v.

**CITY OF PADUCAH, Defendant–Appellee.**

**No. 01–5132.**

United States Court of Appeals,
Sixth Circuit.

Aug. 9, 2001.

Before BOGGS and DAUGHTREY,
Circuit Judges; WEBER, District Judge.*

*ORDER*

Terrill D. Bybee, a pro se Kentucky resident, appeals a district court order dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Bybee sued the City of Paducah contending that a city police officer illegally searched his truck as a result of a minor traffic accident and impounded his vehicle. Bybee stated that the officer violated his constitutional rights.

The city moved for summary judgment which Bybee opposed. The district court subsequently issued the following order: "Defendant, by and through counsel, having filed a motion and memorandum of law for summary judgment in this matter, and the cour [sic] now being otherwise sufficiently advised; IT IS HEREBY ORDERED defendant's motion for summary judgment is hereby GRANTED." The district court gave no further explanation for its decision.

In his timely appeal, Bybee states he is unable to specifically state why the district court's order is wrong as the judge gave no explanation for his decision.

The district court's order granting summary judgment to the City of Paducah is reviewed de novo. *See Summar ex rel.*

---

* The Honorable Herman J. Weber, United States District Judge for the Southern District of Ohio, sitting by designation.

*Summar v. Bennett,* 157 F.3d 1054, 1057 (6th Cir.1998).

Upon review, we conclude that the district court's order must be vacated. The district court's order is insufficient because it does not provide any indication as to the court's rationale for dismissing Bybee's complaint. *See United States v. Woods,* 885 F.2d 352, 353–54 (6th Cir.1989). The judgment is also deficient because it is not set forth on a separate document as required by Fed.R.Civ.P. 58. *See id.* at 353. Thus, a remand is necessary because the district court's order does not provide an adequate basis for appellate review.

Accordingly, we vacate the district court's order and remand the case for further proceedings. Rule 34(j)(2)(C), Rules of the Sixth Circuit.