## Patricia NELSKI, also known as Patricia Pelland, Plaintiff–Appellant,

### v.

## RISK MANAGEMENT ALTERNATIVES, INC., Defendant–Appellee.

### No. 02–1926.

United States Court of Appeals, Sixth Circuit.

Jan. 8, 2004.

Barry A. Seifman, Raymond Guzall, III, Barry A. Seifman Assoc., Farmington Hills, MI, for Plaintiff–Appellant.

Christine D. Oldani, Plunkett & Cooney, Detroit, MI, Mary P. Cauley, Plunkett & Cooney, Bloomfield Hills, MI, for Defendant–Appellee.

---

Before COLE and CLAY, Circuit Judges; and COLLIER, District Judge.*

## OPINION

PER CURIAM.

Plaintiff–Appellant, Patricia Nelski, appeals the district court's orders granting the motions of Risk Management Alternative, Inc. ("RMA") for dismissal and summary judgment with respect to her claims that RMA failed to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, and the Michigan Collection Practices Act, M.C.L. 339.901, *et seq.* Nelski also contends that the district court abused its discretion by denying her motion to amend the complaint and declining to forestall a ruling on RMA's motion for summary judgment until such time as the magistrate judge ruled on certain procedural motions that implicated the discovery process and that had been referred to him by the district judge.

## I. BACKGROUND

Patricia Nelski was a victim of identity theft, and the events incident to the theft of her identity tainted her credit rating. Nelski brought suit against RMA—a debt collection agency and furnisher of credit information—alleging that RMA wrongfully disseminated the fraudulent debt information to credit reporting agencies and failed to investigate and cure its credit reporting procedures with respect to Nelski's account.

In October 2001, RMA moved for partial summary judgment and/or partial dismissal with respect to Nelski's Fair Credit Reporting Act claim. The district court held an oral argument on the motions on February 13, 2002, and stated that it would grant them. Nelski's counsel then

stated, "Your Honor, can I please just have clarification for the record as to what the ruling is and why the Court ruled the way it did?" Unsatisfied with the court's one-sentence recitation, counsel then asked for further clarification, "because I just want to be clear on the record because I really don't understand." The court responded by stating tersely that RMA "did not violate the statute, period." The district court then told Nelski's counsel that "I'm not going to argue." In a summary written order dated February 15, 2002, the district judge granted RMA's motion to dismiss, "for the reasons stated on the record." The parties have subsequently characterized this order as a grant of summary judgment.

RMA also moved for summary judgment on Nelski's claims under the Fair Debt Collection Practices Act and the Michigan Collection Practices Act. The district court conducted an oral argument on the motion on June 26, 2002. As it did on February 13, the court engaged in a colloquy with counsel, and then stated that it would grant RMA's motion. But, as before, its ruling failed to set forth the reasons, with any degree of specificity, for its decision. In a similarly summary order dated July 10, 2002, the district court granted RMA's motion for summary judgment with respect to the Fair Debt Collection Practices Act claim and the Michigan Collection Practices Act claim, thereby terminating the case in its entirety. In this order, the district judge referred again to "the reasons stated on the record."

## II. ANALYSIS

In *United States v. Woods,* 885 F.2d 352, 354 (6th Cir.1989), we stated that "district courts should generally set out the reasons for their decisions with some specificity."

---

* The Honorable Curtis L. Collier, United States District Judge for the Eastern District of Tennessee, sitting by designation.

See also *Bybee v. Paducah,* 2001 WL 1299001 (6th Cir. Aug.9, 2001) (vacatur of district judge's opinion was required where district court's order provided no indication of his rationale for dismissal of plaintiff's § 1983 claim and where order was not set forth on a separate document); *United States v. Alcorn,* 2001 WL 278705 (6th Cir. Mar. 12, 2001) (district court's order vacated and remanded where district judge failed to indicate the specific facts and rules of law supporting its decision). "When a motion for summary judgment is granted, as in this case, without any indication as to the specific facts and rules of law supporting the court's decision, it is difficult, except in the simplest of cases, for an appellate court to review such a decision." *Woods,* 885 F.2d at 354. The absence of the district court's reasoning—which it assuredly intended to articulate—makes our review on appeal especially difficult.

Here, the district court's orders and the accompanying record are insufficient because they do not provide sufficient rationale for the ruling of the district court. Moreover, the action before us is not among "the simplest of cases." To the contrary, this case has entailed extensive and contentious discovery, multi-staged motion practice, and a convoluted pattern of referring and withdrawing matters from the magistrate judge.

### III. Conclusion

Because the district court failed to set forth with sufficient specificity, the reasons for its decisions, we vacate the district court's orders dated February 15, 2002, and July 10, 2002, and remand the case for further proceedings in accordance with this opinion.