**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Clarence MOORE, Defendant–Appellant.**

No. 90–3787.

United States Court of Appeals,
Sixth Circuit.

Argued May 23, 1991.

Decided July 1, 1991.

Gary D. Arbeznik, Asst. U.S. Atty. (argued), Cleveland, Ohio, for plaintiff-appellee.

Michael G. Dane (argued), Federal Public Defender, Robert Smith, III, Office of the Federal Public Defender, Cleveland, Ohio, for defendant-appellant.

Before JONES and NORRIS, Circuit Judges, and JOINER, Senior District Judge.[*]

PER CURIAM.

Defendant-appellant Clarence Moore appeals his convictions for bank robbery. For the following reasons, we remand this case.

I.

Between August 11 and August 28, 1989, four bank robberies occurred in downtown Cleveland, Ohio on or in the vicinity of the Public Square. At noon on August 11, 1989, it was the Public Square Broadview Savings and Loan; Huntington Bank in the same area was the next target on August 18, 1989 at lunchtime, followed by an August 23 robbery at the Euclid Ave. Broad-

---

* The Honorable Charles W. Joiner, Senior United States District Judge for the Eastern District of Michigan, sitting by designation.

view Savings and Loan. Finally, the same fate befell the Dollar Bank at Public Square on August 28.

A bank surveillance camera at the Dollar Bank took clear photographs of the robber. With the exception of the bank teller at Broadview Federal Savings and Loan, each of the tellers identified Moore as the robber. Also, Moore's fingerprint was found on the demand note used in the August 11 Broadview Federal Savings and Loan robbery.

Following the issuance of warrants and complaints, Moore was arrested on August 30, 1989. He first appeared before a magistrate the next day in connection with two criminal complaints, each of which charged Moore with bank robbery, in violation of 18 U.S.C. § 2113(a). The federal grand jury indictment returned against Moore on September 6, 1989, charged him in Count One with bank robbery on August 11, 1989, while Count Two charged him with bank robbery on August 28, 1989, both in violation of 18 U.S.C. § 2113(a). On January 23, 1990, a four-count superseding indictment charging Moore with four counts of bank robbery, all in violation of § 2113(a) was returned. Counts One and Four were the same charges set forth in the original indictment. However, Counts Two and Three charged him with bank robberies on August 18 and August 23, 1989, respectively. An arraignment on the superseding indictment was held on February 5, 1990.

Moore filed motions to suppress evidence and to suppress in-court identification on March 28, 1990. In addition to overruling said motions on May 14, 1990, the court commenced the trial on the same day. Three days later the jury returned verdicts of guilty on Counts One, Three and Four of the indictment and a verdict of not guilty on Count Two. Sentencing occurred on September 10, 1990, with Moore drawing sixty-three months followed by three years of supervised release.

The issues raised on appeal are: (1) whether the district court erred in denying defendant's motion to suppress in-court identification; (2) whether the district court abused its discretion in failing to issue a ruling on the record regarding its factual findings in support of the denial of defendant's motion to suppress in-court identification; and (3) whether the defendant's right to a speedy trial was violated. At this time, we address only one issue.

■ By margin entry on the day of trial, the trial court denied Moore's motion to suppress in-court identification. On July 25, 1990, Moore moved the district court to "issue a statement of the findings of fact and conclusions of law which served as the basis upon which Mr. Moore's Motion to Suppress In–Court Identification was denied." To this date, no statement of findings regarding the suppression has issued from the district court. Moore now argues that the district court abused its discretion in failing to issue a ruling on the record pursuant to Fed.R.Crim.P. 12(e) regarding its factual findings in support of the denial of defendant's motion to suppress in-court identification. We agree.

Federal Rule of Criminal Procedure 12(e), governing ruling on motions, provides:

A motion made before trial shall be determined before trial unless the court, for good cause, orders that it be deferred for determination at the trial of the general issue or until after verdict, but no such determination shall be deferred if a party's right to appeal is adversely affected. Where factual issues are involved in determining a motion, the court shall state its essential findings on the record.

It is clear that the district court failed to comply with rule 12(e). In *United States v. Prieto–Villa*, 910 F.2d 601 (9th Cir.1990), involving a motion to suppress cocaine, the court held that the requirement of essential findings in rule 12(e) is mandatory. In holding rule 12(e) mandatory, the court stated that " 'suppression hearings are often as important as the trial itself[ ]' ... and the court's ruling ... may determine the outcome of the case." *Id.* at 609–10 (citations omitted).

At oral argument, the government conceded that the normal practice in the Northern District of Ohio is for the court

to comply with a party's request for findings of fact and conclusions of law. This was not done in this case.

█ Essential findings on the record are necessary to facilitate appellate review. *Prieto–Villa*, 910 F.2d at 610; *see, cf. United States v. Woods*, 885 F.2d 352, 353–54 (6th Cir.1989) (compliance with Federal Rules of Civil Procedure 58 necessary for appellate review). Moreover, as noted by the Ninth Circuit Court of Appeals in *Prieto–Villa*, a suppression motion is of utmost importance. Likewise, we conclude that compliance with Rule 12(e) is a mandatory obligation. The margin entry on defendant's motion to suppress is simply unacceptable to this court.

Thus we REMAND this case. We reserve ruling on the other issues raised by defendant-appellant until such time as the district court has acted in compliance with Rule 12(e) and the case is again before us.