**Elaine ROGERS, et al., Plaintiffs–Counter–Defendants–Appellees,**

v.

**WINDMILL POINTE VILLAGE CLUB ASSOCIATION, INC., et al., Defendants–Cross–Claim–Plaintiffs–Appellants.**

No. 91–3993.

United States Court of Appeals, Eleventh Circuit.

Aug. 3, 1992.

Robert C. Wattles, Orlando, Fla., for appellants.

Frederic Bennett O'Neal, Orlando, Fla., for appellees.

Before KRAVITCH and HATCHETT, Circuit Judges, and BROWN *, Senior Circuit Judge.

PER CURIAM:

AFFIRMED on the basis of the District Court Order dated September 17, 1991, attached hereto as an Appendix.

---

\* Honorable Bailey Brown, Senior U.S. Circuit Judge for the Sixth Circuit, sitting by designa-   tion.

APPENDIX

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

ORLANDO FLORIDA

Elaine Rogers, et al.,

Plaintiffs,

v.

Windmill Pointe Village Club

Association, Inc., et al.

Defendants.

Lead Case No. 90–703–CIV–ORL–19

This Document Relates To

Case No. 90–719–CIV–ORL–19

## ORDER

This case was considered by the Court at hearing on August 30, 1991, upon Plaintiffs' Motion for Preliminary Injunction (Doc. No. 99, filed February 25, 1991). In addition to Plaintiffs' Motion, the Court considered the following: Affidavit of Irene Hudak (Doc. No. 101, filed February 25, 1991); Affidavit of David L. Kruse (Doc. No. 111, filed February 28, 1991); Affidavit of Leona W. Mack (Doc. No. 112, filed February 28, 1991); Affidavit of Joseph Keating (Doc. No. 113, filed February 28, 1991); Affidavit of Arthur Hiller (Doc. No. 114, filed February 28, 1991); Memorandum in Support of Plaintiffs' Motion for Preliminary Injunction (Doc. No. 179, filed April 10, 1991); Affidavit of Caryn Anderson (Doc. No. 251, filed August 22, 1991); Memorandum in Opposition to Plaintiffs' Motion for Preliminary Injunction and Affidavit of Henry Sapinkopf (Doc. No. 253, filed August 29, 1991); and Warranty Deed from International Community Corporation to Defendant Windmill Pointe Village Club Association (Doc. No. 255, filed September 6, 1991).

Plaintiffs seek a preliminary injunction to prevent continued alleged violations by Defendants of the Fair Housing Act ("the Act"). 42 U.S.C. § 3601, *et seq.* (1988). Specifically, Plaintiffs allege that the "55 and over" age restriction enforced by Defendants violates the Act's prohibition against discrimination in housing on the basis of familial status. 42 U.S.C. § 3604.

To satisfy the standard for granting a preliminary injunction Plaintiffs must establish: (1) a substantial likelihood of prevailing on the merits; (2) that they will suffer irreparable injury unless the injunction issues; (3) that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that the injunction would not be adverse to the public interest. *Gresham v. Windrush Partners, Ltd.,* 730 F.2d 1417, 1423 (11th Cir.1984), *cert. denied,* 469 U.S. 882, 105 S.Ct. 249, 83 L.Ed.2d 187 (1984). Plaintiffs must clearly carry the burden of persuasion on all four elements to prevail on the Motion for Preliminary Injunction. *Sofarelli v. Pinellas County,* 931 F.2d 718, 724 (11th Cir.1991).

Plaintiffs claim they have shown a substantial likelihood of prevailing on the merits because Defendants have never had the authority to enact or enforce the "55 and over" amendment to the Covenants, and, additionally, because the "55 and over" age restriction is a violation of the Fair Housing Act. Plaintiffs first contend that the May 1, 1985, Warranty Deed, on which Defendants base the right to enforce this provision, did not convey power or authority to the Windmill Pointe Village Club Association ("the Association") to alter or enforce the age restriction contained in the deeds to individual lots. A review of the document reveals that the Warranty Deed transferred the clubhouse property along with responsibility for its maintenance and control from International Community Corporation (ICC) to the Association. In addition, the Warranty Deed purports to transfer to the Association the right to enforce the convenants and restrictions of Windmill Pointe Village.[1] The Warranty Deed provided that membership in the Association would be voluntary and available to all

---

1. *See,* Warranty Deed from International Community Corporation to Defendant Windmill Pointe Village Club Association ("Warranty Deed") at Docket Number 255.

owners of lots within Windmill Pointe Village. The Association, as Grantee, was allowed to create and enforce uniform and fair rules regulating the use of the club-house facilities, but agreed not to restrict the rights of owners to become members. (Para. 2, Warranty Deed at Doc. No. 255).

In the Warranty Deed, ICC assigned to the Association its rights to enforce the Windmill Pointe Village covenants and restrictions "without dispossessing and expressly reserving" ICC's rights of enforcement. Therefore, the Warranty Deed purports to permit both ICC and the Association to enforce restrictions on the property including those restrictions contained in the Declaration of Covenants and Restrictions. (Paras. 9 and 11, Warranty Deed at Doc. No. 255). Even assuming that the assignment of enforcement authority was valid, the Declaration of Covenants and Restrictions states that the provision for amendment of covenants shall not apply to the original age restrictions contained in Article II, Paragraph 2.[2] Consequently, Defendants' attempt to amend the age restriction to limit occupancy to those age 55 and over would be invalid and unenforceable according to the terms of the declaration.[3] Therefore, Plaintiffs have demonstrated a substantial likelihood of prevailing on the merits on this ground.

Plaintiffs claim a substantial likelihood of prevailing on the merits of their claim under the Fair Housing Act. 42 U.S.C. § 3601, *et seq.* (1988). The Act prohibits discrimination in housing transactions because of race, color religion, sex, handicap, familial status, or national origin. Section 3602(k) defines "familial status" as:

one or more individuals (who have not attained the age of 18 years) being domiciled with—

(1) a parent or another person having legal custody of such individual or individuals; or

(2) the designee of such parent or other person having such custody, with the written permission of such parent or other person. The protections afforded against discrimination on the basis of familial status shall apply to any person who is pregnant or is in the process of securing legal custody of any individual who has not attained the age of 18 years.

Facilities which meet the requirements of 42 U.S.C. § 3607(b)(3) and 24 C.F.R. § 100.-304 qualify for exemption under the "older persons" exception to the Act.

"Under general principles of statutory construction, '[o]ne who claims the benefit of an exception from the prohibition of a statute has the burden of proving that his claim comes within the exception'." *U.S. v. Columbus Country Club*, 915 F.2d 877, 882 (3rd Cir.1990) (citations omitted). To qualify for the "older persons" exception a facility must: (1) have 80% of units occupied by at least one person age 55 or older; and, (2) publish and adhere to policies and procedures which demonstrate an intent to restrict the residents to those age 55 and older; and, (3) provide services specifically designated to meet the physical or social needs of older persons; or, if no such facilities are practical, the facility must demonstrate through credible objective evidence that the housing facility is necessary to provide important housing opportunities for older persons. 24 C.F.R. § 100.304.

As stated above Defendants have the burden of proving that they fall within the exception provided in the Act. Defendants have not proven that they meet any of the three requirements for qualification under the "older persons" exception to the act. The Affidavit of Henry Sapinkopf, attached to Defendants' Memorandum in Opposition, merely states in conclusory language that Defendants: have met the 80% residency requirement; have published written, enforceable age restrictions; and provide significant facilities and services designed to

---

**2.** The original age restriction provided that: "occupancy of each and every Dwelling Unit shall be and is hereby restricted to adults with whom no dependent children under the age of sixteen (16) years reside."

**3.** Further, there is a substantial likelihood that both the original and the amended age restrictions violate the Fair Housing Act and therefore would be unenforceable.

meet the physical and social needs of older persons. Mr. Sapinkopf does not specify what, if any, policies and procedures exist to demonstrate an intent to restrict the residents to those age 55 and older. Nor does he enumerate the facilities or services provided at Windmill Pointe which he claims are significant and designed to meet the physical and social needs of older persons. Mr. Sapinkopf states that a valid census was taken which establishes compliance with the 80% requirement. However, Defendants have not provided the Court with a copy of the census or any information regarding the method or validity of the survey. Further, even if Defendants meet the 80% residency requirement, they must also satisfy the remaining requirements.[4]

Plaintiffs' affidavits and exhibits, unrebutted by the Defendants, reflect that no census or facilities and services exist. Irene Hudak (Doc. No. 101), David L. Kruse (Doc. No. 111), Leona W. Mack (Doc. No. 112), Joseph Keating (Doc. No. 113), and Arthur Hiller (Doc. No. 114), have all filed affidavits stating that Windmill Pointe Village was originally intended to be a community for active adults of all ages and was not specifically designed for "older persons". Hudak, Kruse, Mack, Keating, and Hiller further state that there are no facilities or services specifically designed to meet the physical or social needs of older persons, nor is there any manager or other authority which could create or enforce policies and procedures to enforce the age restriction. In fact both Hudak and Hiller state that they are personally aware of older persons who have moved from Windmill Pointe Village to find facilities which met their needs. In her extensive affidavit Irene Hudak states that the existing recreational facilities consist of a pool and tennis courts, neither of which are adapted in any way to accommodate the needs of older persons. Hudak states that the homes and environs of Windmill Pointe Village are not equipped to be physically accessible to older persons. She states that the sidewalks are sporadic, there are no ramps, homes lack such things as grab bars or handrails in the corridors, and it is necessary for residents to leave the subdivision to obtain basic necessities as there are no provisions for dining facilities, laundromats, grocery stores or doctors' offices within Windmill Pointe Village. Further, Ms. Hudak states that there is no provision for home supervision or assistance.

Upon consideration of this evidence and the failure of Defendants to come forward with any evidence, other than the conclusory affidavit of Mr. Sapinkopf, to meet their burden of establishing that they qualify for the "older persons" exception, the Court finds that Plaintiffs have established a substantial likelihood that Plaintiffs will prevail on the merits.

The Eleventh Circuit Court of Appeals has held that, "irreparable injury may be presumed from the fact of discrimination and violations of fair housing statutes." *Gresham* at 1423. "[W]hen housing discrimination is shown it is reasonable to presume that irreparable injury flows from the discrimination ... [s]uch a presumption, may be rebutted by evidence that any injury that may occur is not irreparable." *Id.* at 1423–1424. "[W]hen a plaintiff who has standing to bring suit shows a substantial likelihood that a defendant has violated specific fair housing statutes and regulations, that alone, if unrebutted, is sufficient to support an injunction remedying those violations." *Id.*

The Court in *Gresham* listed several reasons "why housing discrimination results in irreparable injury." *Id.* First, a person who is discriminated against in the search for housing cannot remain in limbo while a court resolves the matter. He or she must find housing elsewhere, and once that housing is found, even if in a segregated neighborhood, it becomes difficult to dis-

---

**4.** At the hearing the Court inquired of Counsel for Defendants as to the nature of the census conducted and what if any facilities or services existed. Counsel responded that the census consisted of the ballots returned in the vote to adopt the age 55 and over amendment to the covenants and restrictions. Counsel did not identify any services or facilities other than the pool and tennis courts.

rupt new friendships and other community ties by uprooting oneself again. *Gresham* at 1424. Second, available housing where the discrimination is occurring could become filled during the pendency of a lawsuit, making corrective relief nearly impossible to enter. *Id.* Third, monetary relief cannot correct the injury completely. *Id.* Finally, harm from housing discrimination includes the loss of safe, sanitary, decent housing. *Id.* Defendants have not presented evidence in the record to rebut this presumption of irreparable injury. Therefore, the Court finds that Plaintiffs have established the existence of irreparable injury.

Additionally, the Court finds that the threatened injury of continued enforcement of the age restriction outweighs whatever damage the proposed injunction may cause Defendants. Because of the strong national policy against housing discrimination, enjoining Defendants from enforcing the age restriction during the pendency of this litigation would not be adverse to the public interest.

Accordingly, it is hereby ORDERED AND ADJUDGED that Plaintiffs' Motion for Preliminary Injunction (Doc. No. 99) is GRANTED and that Defendants, Windmill Pointe Village Club Association, Inc., and its officers, agents, employees, successors, attorneys, and all persons acting in concert or participation with any of them hereby are:

1. Restrained from discriminating against any person on the basis of age by enforcing Article II, Section 2 of the Covenants and Restrictions, the amendments to the Covenants, and any and all provisions in the Windmill Pointe Village Club Association's By–Laws prohibiting use of its facilities and services by resident families with children;

2. Restrained from representing to any person that the Covenants or their amendments preclude families whose members are under 55 years of age from purchasing, renting or otherwise occupying homes at Windmill Pointe Village pending the conclusion of this case;

3. Restrained from in any manner limiting or interfering with the Plaintiffs in the free use of their homes and the facilities, services and other benefits acquired in connection with the purchase or occupation of homes in Windmill Pointe Village on account of their familial status or age;

4. Restrained from threatening, coercing, or in any manner interfering with any resident of Windmill Pointe Village on account of the resident's familial status or age; and

5. Restrained from engaging in any other conduct relating to the provision of housing or facilities and services connected therewith that otherwise tends to make unavailable or denies such housing and/or services or facilities at Windmill Pointe Village to persons because of their familial status or age.

It is further ORDERED that Defendants shall display a copy of this Order at the Windmill Pointe Village clubhouse, and shall deliver copies of this Order to each homeowner at Windmill Pointe Village and to all real estate agencies and other persons previously sent letters by or on behalf of Defendants, which letters contained notification of the existence of a 55 years or older age restriction as being in effect at Windmill Pointe Village.

Plaintiffs shall post a bond of one thousand dollars ($1,000.00).

DONE AND ORDERED at Orlando, Florida this, 17th day of September, 1991.

/s/Patricia C. Fawsett
Patricia C. Fawsett
United States District Judge

Copies to:

All Counsel of Record