Sandra HOOKER; Richard Hooker; and Fair Housing Contact Service, Plaintiffs–Appellants,

v.

Terry WEATHERS; Shamrock Motel; and John Doe, Defendants–Appellees.

No. 92–3547.

United States Court of Appeals, Sixth Circuit.

Submitted March 5, 1993.

Decided April 13, 1993.

See also 918 F.2d 957.

**914**

Edward L. Gilbert (briefed), Parms, Purnell, Gilbert & Robinson, Akron, OH, for plaintiffs-appellants.

Donald E. George (briefed), Akron, OH, for defendants-appellees.

Before: GUY and BOGGS, Circuit Judges; and BELL, District Judge.[*]

BOGGS, Circuit Judge.

Plaintiffs appeal the district court's granting of the defendants' motion for summary judgment by marginal entry order. After careful consideration, we have decided that there is no need for oral argument in this case and exercise our authority to waive oral argument, pursuant to Rule 9(a), Rules of the Sixth Circuit. We reverse and remand for further proceedings.

## I

Plaintiffs Richard and Sandra Hooker are a married couple who own a house trailer located at the Shamrock Motel and Trailer Park ("Shamrock"), owned and managed by defendant Terry Weathers. Richard Hooker's father lived in the trailer at Shamrock for a number of years. After Richard Hooker placed his father in a nursing home in March 1990, Hooker allegedly tried to rent or sell the trailer. Richard and Sandra Hooker allege that Weathers engaged in discrimination on the basis of familial status and age by 1) ordering the Hookers' twenty-year-old son out of the trailer because he was too young; 2) refusing to allow the Hookers to live in the trailer because Richard Hooker was too young and because they lived with their minor grandchildren; 3) refusing to rent to the Hookers' daughter because she was too young; and 4) refusing to allow prospective buyers who were under an ambiguous and shifting age limit to live in the trailer park.

Richard Hooker contacted the Fair Housing Contact Service ("FHCS") concerning the difficulties with Weather. In an affidavit, Hooker alleges that FHCS investigated Shamrock by sending a tester to inquire about moving into the Hookers' trailer. Hooker alleges that the tester was told that she was too young to rent the trailer.

The Hookers sued Weathers, Shamrock Motel, and John Doe (an unnamed co-owner of the Shamrock Motel) for discrimination on the basis of familial status, in violation of the Fair Housing Act ("FHA"), 42 U.S.C. § 3604. On August 30, 1990, the defendants filed a motion to dismiss for lack of standing. After a hearing, the district court granted the defendants' motion for summary judgment by a marginal order entered on September 27, 1990.

## II

Rule 58 of the Federal Rules of Civil Procedure requires that "[e]very judgment ... be set forth on a separate document." In this case, the district court neglected to set forth its judgment on a separate document, choosing instead to render its judgment in a marginal order. Such an order is not sufficient to meet the requirements of Rule 58. *United States v. Woods*, 885 F.2d 352, 353 (6th Cir.1989).

The primary purpose of Rule 58 is " 'to enable a party to know when the court regards the case as closed and intends that no further action be taken, and thus to know when the time to appeal has commenced to run.' " *Ibid.* (quoting *Ellender v. Schweiker*, 781 F.2d 314, 317 (2nd Cir.

[*] The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation.

1986)). Moreover, this court has expressed disapproval of marginal orders because they make review of the district court's order difficult. *Bank One of Cleveland, N.A. v. Abbe,* 916 F.2d 1067, 1082 (6th Cir.1990). This case illustrates that difficulty.

■ Since the district court dismissed the case by granting the defendants' motion, we assume that the district court found that the Hookers and FHCS lacked standing. In the complaint, the Hookers allege that "the Defendants refuse to allow them to sell their trailer and maintain the same lot, if the trailer is sold to any couple with children or any couple less than 55 years of age." Also, Richard Hooker claims in an affidavit that the defendants refused to allow the Hooker family to move into the trailer with their minor grandchildren. Based on the complaint and the subsequent discovery, the Hookers have alleged a "distinct and palpable injury." *Havens Realty Corp. v. Coleman,* 455 U.S. 363, 372, 102 S.Ct. 1114, 1121, 71 L.Ed.2d 214 (1982).

■ FHCS is an organization that works to eliminate discriminatory housing practices. Congress intended that standing under FHA extend to the full limits of Article III. *Havens Realty Corp. v. Coleman,* 455 U.S. 363, 102 S.Ct. 1114, 71 L.Ed.2d 214 (1982). Therefore, FHCS "can establish standing by alleging a concrete and demonstrable injury, including an injury arising from a 'purportedly illegal action [that] increases the resources the group must devote to programs independent of its suit challenging the action.' " *Housing Opportunities Made Equal, Inc. v. Cincinnati Enquirer, Inc.,* 943 F.2d 644, 646 (6th Cir.1991) (quoting *Spann v. Colonial Village, Inc.,* 899 F.2d 24, 27 (D.C.Cir.), *cert. denied,* 498 U.S. 980, 111 S.Ct. 508, 112 L.Ed.2d 521 (1990)). According to the complaint, "Fair Housing Contact Service conducted an investigation, and confirmed the facts and circumstances alleged [in the complaint]." FHCS devoted resources to investigating the defendants' practices and alleges that it has confirmed that defendants do discriminate on the basis of familial status. Therefore, FHCS has standing.

■ Again, the district court provided no explanation for the dismissal. The defendants, however, offer their own explanation of the court's action. They argue that the district court found that the plaintiffs did not have standing because the defendants met the requirements of the exception for housing intended for occupancy by "older persons" in 42 U.S.C. § 3607(b)(2)(C). This is an affirmative defense that goes to the merits of the plaintiffs' case; it is irrelevant to the issue of standing. Even if the district court dismissed the case on the merits, the record does not support a finding that the defendants meet the "older persons" exception. *See* 24 C.F.R. § 100.304. In fact, there is no support for this defense except the unsubstantiated claims of the defendants. The district court conducted no evidentiary hearing on the issue of the "older persons" exemption as is the general practice. *See, e.g., Massaro v. Mainlands Section 1 and 2 Civic Association,* 796 F.Supp. 1499 (S.D.Fla.1992).

■ Even if we were to accept the defendants' unsubstantiated claims as true, the defendants *still* would fall far short of meeting the requirements of 24 C.F.R. § 100.304. To qualify for the "older persons" exception, the defendants must show that: 1) at least 80% of the units are occupied by at least one person age 55 or older; 2) that they have published and adhered to policies and procedures that demonstrate an intent to restrict leasing to those age 55 or older; and 3) that they provide services specifically designed to meet the needs of older persons or, if the provision of such services is impractical, that the Shamrock is needed to provide important housing opportunities for older persons in the community. *See* 24 C.F.R. § 100.304; *see, e.g., Rogers v. Windmill Pointe Village Club Association, Inc.,* 967 F.2d 525, 527 (11th Cir.1992). Defendants have submitted no evidence to show that the Shamrock meets the second and third parts of this test. Furthermore, the defendants' own affidavit in support of its motion to dismiss alleged

that only 78.9% of the units were occupied by "older persons."

Accordingly, we find the district court's use of the marginal entry order to be in violation of Rule 58. Regardless, from the meager record before us we see no evidence that the plaintiffs lack standing. First, the "older persons" exemption is not a standing issue, but an affirmative defense. Second, there is no evidence in the record to support a finding that the defendants have met the requirements for the "older persons" exemption.

### III

For the foregoing reasons, we REVERSE the order of the district court and REMAND for further proceedings consistent with this order. If we have overlooked some obvious ground for dismissal we trust that the district court will explain its reasoning rather than opting once again for using a cryptic marginal entry order.