1 F.3d 1243
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Stanley M. OWENS, Defendant-Appellant.
 No. 92-6616.
 United States Court of Appeals, Sixth Circuit.
 July 19, 1993.
 
 Before: MILBURN and NORRIS, Circuit Judges; and LIVELY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Pursuant to a Federal Rule of Criminal Procedure 11(a)(2) plea agreement, the district court found defendant Stanley Maurice Owens guilty of armed bank robbery and using and carrying a firearm during and in relation to a crime of violence, violations of 18 U.S.C. Secs. 2113(d) and 924(c). On appeal, the issues are (1) whether the district court erred in denying defendant's motion to dismiss the indictment on grounds that the prosecution violated the Double Jeopardy Clause of the Fifth Amendment, and (2) whether the district court erred in overruling defendant's motion to suppress his confession. For the reasons that follow, we affirm.
 
 I.
 
 2
 On February 1, 1990, a man armed with a pistol robbed a branch of the First Tennessee Bank in Memphis, Tennessee. Approximately one month later, Memphis police officers, acting on a tip, arrested defendant Owens. He was taken to the police station at 10:00 a.m. and handcuffed to a chair until Sergeant Jerry King of the robbery squad arrived at about 1:30 p.m. to interview him. When Sergeant King arrived, he took defendant to an interview room, advised him of his Miranda rights, and obtained a signed waiver of those rights from the defendant. After Sergeant King showed defendant a photograph from a bank surveillance camera, defendant admitted committing the robbery. At some point during the interview, defendant was provided food and given the opportunity to eat.
 
 
 3
 After his oral confession, defendant was taken to a secretary's office where a typewritten confession was prepared for and signed by defendant. At some point during their conversations, defendant asked Sergeant King about the penalty for aggravated robbery. He also advised Sergeant King that he could provide him with information about other criminal activity.
 
 
 4
 Defendant was charged by the State of Tennessee with aggravated robbery, but was acquitted of the charge on October 31, 1990. His case was then referred to the United States Attorney by an agent of the Federal Bureau of Investigation who had participated in the joint investigation with the Memphis Police Department that led to defendant's arrest. The United States Attorney's office instituted the instant proceedings against defendant after obtaining approval from the Department of Justice pursuant to its Petite Policy.
 
 
 5
 Defendant filed a pretrial motion to suppress his confession and a motion to dismiss the indictment on grounds that the Double Jeopardy Clause of the Fifth Amendment barred this prosecution. The motions were heard by the district court and denied by written orders on September 4, 1991. On June 1, 1992, defendant entered pleas of guilty to both counts of the indictment pursuant to a plea agreement specially reserving the right to appeal any adverse determination of his pretrial motions under Federal Rule of Criminal Procedure 11(a)(2). Judgment was entered against defendant on October 9, 1992, and this timely appeal followed.
 
 II.
 A.
 
 6
 Defendant Owens argues that his prosecution by the United States was forbidden by the Double Jeopardy Clause of the Fifth Amendment. Defendant recognizes that the Double Jeopardy Clause operates to prevent multiple prosecutions for the same offense by the same sovereign, United States v. Lanza, 260 U.S. 377, 382 (1922), and, of course, he concedes that he has not been prosecuted twice by the same sovereign. Rather, he argues that the involvement of agents of the Federal Bureau of Investigation in the original investigation and their referral of his case to the United States Attorney after the acquittal in state court shows that the federal prosecution was merely a "sham and a cover" for the failed state prosecution.
 
 
 7
 In Bartkus v. Illinois, 359 U.S. 121, 123 (1959), the Supreme Court held that a defendant who was tried and acquitted of bank robbery in federal court, then tried and convicted of bank robbery in state court, was not deprived of due process under the Fourteenth Amendment.[1] The Court recognized that state and federal law enforcement authorities often assist each other in investigations, and it held that such cooperation did not establish that the succeeding state prosecution was merely a subsequent federal prosecution in another guise.
 
 
 8
 The record establishes that the prosecution was undertaken by state prosecuting officials within their discretionary responsibility and on the basis of evidence that conduct contrary to the penal code of Illinois had occurred within their jurisdiction. It establishes also that federal officials acted in cooperation with state authorities, as is the conventional practice between two sets of prosecutors throughout the country. It does not support the claim that the State of Illinois in bringing its prosecution was merely a tool of the federal authorities, who thereby avoided the prohibition of the Fifth Amendment against a retrial of a federal prosecution after an acquittal. It does not sustain a conclusion that the state prosecution was a sham and a cover for a federal prosecution, and thereby in essential fact another federal prosecution.
 
 
 9
 Id.
 
 
 10
 Without more, the mere fact of investigative cooperation between two sovereigns preparatory to successive prosecutions by the different sovereigns does not establish that the second prosecution was a sham and cover for the first. Because the United States had not previously prosecuted defendant for his crime against its peace and dignity, it was free to do so in this case.
 
 
 11
 Defendant's reliance on Grady v. Corbin, 495 U.S. 508 (1990), and United States v. Easley, 942 F.2d 405, 407-08 (6th Cir.1991), is misplaced because both of those cases involved successive prosecutions by the same sovereign. Defendant argues that Grady overrules, or perhaps calls into question, the dual sovereignty doctrine. Grady, however, did not involve a situation involving two sovereigns, and the other circuits that have addressed this issue have rejected defendant's argument.
 
 
 12
 [Defendant] argues that the dual sovereignty doctrine should be re-examined because the rationale of Grady can be applied to successive state and federal prosecutions just as well as to successive prosecutions by the same sovereignty. We disagree. The dual sovereignty doctrine has been a fixture of constitutional law for decades, and was once described by Justice Holmes as "too plain to need more than statement." The concerns that underlie the dual sovereignty doctrine are different from those that support Grady.
 
 
 13
 United States v. Bafia, 949 F.2d 1465, 1478 (7th Cir.1991), cert. denied, 112 S.Ct. 1989 (1992) (citations omitted). Similarly, in United States v. Cooper, 949 F.2d 737, 750 (5th Cir.1991), cert. denied, 112 S.Ct. 2945 (1992), the Fifth Circuit held that
 
 
 14
 the well-established dual sovereign doctrine, which permits federal and state governments to punish a defendant for the same offense without violating the double jeopardy clause, is not subject to the Grady test. Grady sets forth a test for determining when successive prosecutions by the same sovereign violate the double jeopardy clause--it does not concern the dual sovereign doctrine, as amply evidenced by the fact that the case never mentions the dual sovereign doctrine.
 
 
 15
 This court recognizes that "[t]he dual sovereignty doctrine holds that the double jeopardy clause 'does not apply to suits by separate sovereigns, even if both are criminal suits for the same offense.' " United States v. Louisville Edible Oil Prods. Inc., 926 F.2d 584, 587 (6th Cir.), cert. denied, 112 S.Ct. 177 (1991). The Grady case is not an exception to the doctrine. It follows that the district court did not err in overruling defendant's motion to dismiss.
 
 B.
 
 16
 Defendant also argues that the district court erred in overruling his motion to suppress the written confession he gave to Sergeant King on March 4, 1990. Defendant contends that his confession was involuntary because Sergeant King impressed him with the strength of the case against him and warned him that, because he could receive eight to thirty years for the robbery, he would not be able to see his daughter before she graduated from high school. Defendant concedes that Sergeant King used no physical coercion during the interrogation. He also concedes that at the time of the interview he was approximately thirty-four years of age, that he had received a GED and had attended college for two years, and that he had previously served a term of imprisonment for another crime.
 
 
 17
 To rebut defendant's claims of coercion, the government called Sergeant King as a witness. King testified that he questioned defendant about the bank robbery after advising him of his Miranda rights, showed defendant a copy of the bank surveillance photograph, listened to defendant's confession, advised defendant of the potential sentence for aggravated robbery in response to an inquiry by defendant, listened to defendant's offer to provide information about other crimes involving other persons, and reduced defendant's statement to writing in question and answer form. Sergeant King further testified that he did not know at the time of the interrogation that defendant had a daughter. Therefore, he did not tell defendant during the interrogation that he might not see his daughter for a long period of time if he were convicted.
 
 
 18
 Defendant makes two legal arguments. First, he contends that under United States v. Tingle, 658 F.2d 1332, 1336 (9th Cir.1981), Sergeant King's statement to defendant that he might not see his daughter for some time if he received a severe sentence was coercive as a matter of law. In Tingle, the Ninth Circuit held that impermissible coercion occurred where a police officer told a mother
 
 
 19
 either that she would not see [her] child for a while if she went to prison or that she might not see [her] child for a while if she went to prison.
 
 
 20
 Id. at 1334.
 
 
 21
 Second, defendant argues that this court cannot properly review this case because the district court failed to follow Federal Rule of Criminal Procedure 12(e), which governs rulings on pretrial motions and provides as follows:
 
 
 22
 A motion made before trial shall be determined before trial unless the court, for good cause, orders that it be deferred for determination at the trial of the general issue or until after verdict, but no such determination shall be deferred if a party's right to appeal is adversely affected. Where factual issues are involved in determining a motion, the court shall state its essential findings on the record. (Emphasis added).
 
 
 23
 After the hearing on defendant's motion to suppress, the district judge took the matter under advisement and, on September 4, 1991, entered the following order:
 
 
 24
 The Court concludes, upon the entire record, the statement of Mr. Owens to Sergeant King was made freely and voluntarily. Therefore, the motion to suppress the statement is ORDERED denied this 4th day of September, 1991.
 
 
 25
 J.A. 28. Implicit in the district judge's order is the statement that he believed Sergeant King. Therefore, the district court complied with Federal Rule of Criminal Procedure 12(e) as we have "[e]ssential findings on the record necessary to facilitate [our] review" of the legal questions involved in the court's ruling on defendant's motion to suppress United States v. Moore, 936 F.2d 287, 288-89 (6th Cir.1991) (per curiam). Upon review, we hold that the district court did not err in overruling defendant's motion to suppress.
 
 III.
 
 26
 For the reasons stated, the district court is AFFIRMED.
 
 
 
 [1]
 The Supreme Court noted that the limitations imposed on the federal government by the Double Jeopardy Clause of the Fifth Amendment do not bind the states