28 F.3d 1213
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Wayne KING, Plaintiff-Appellant,
v.
James SCHOTTEN, et al., Defendants-Appellees.
 No. 94-3162.
 United States Court of Appeals, Sixth Circuit.
 June 27, 1994.
 
 Before: MARTIN, SUHRHEINRICH and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Wayne King, a pro se Ohio prisoner, appeals a district court judgment dismissing his civil rights complaint construed as being filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary relief, King sued multiple correctional officials in their individual capacities. King alleged that the defendants were deliberately indifferent to his serious medical needs and subjected King to racial discrimination. The defendants moved to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6); King opposed the motion. King then moved for a preliminary injunction against the defendants. Without explanation, the district court denied the request for injunctive relief and granted defendants' motion to dismiss.
 
 
 3
 In his timely appeal, King continues to assert that the defendants were deliberately indifferent to his serious medical needs and that the district court erred in dismissing his complaint without explanation. He requests oral argument.
 
 
 4
 This court reviews the dismissal of the complaint under Fed.R.Civ.P. 12(b)(6) de novo. Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 498 U.S. 867 (1990). The district court erred in granting defendants' motion to dismiss because it does not appear beyond a doubt that King could prove no set of facts which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).
 
 
 5
 This court has announced on numerous occasions that a trial court must give reasons for its decision. Absent a statement of reasons, no meaningful appellate review can be made. See Hooker v. Weathers, 990 F.2d 913, 915 (6th Cir.1993); United States v. Moore, 936 F.2d 287, 289 (6th Cir.1991) (per curiam); Morscott, Inc. v. City of Cleveland, 936 F.2d 271, 272 (6th Cir.1991); Bank One of Cleveland, N.A. v. Abbe, 916 F.2d 1067, 1082 (6th Cir.1990); Phipps v. King, 866 F.2d 824, 825 (6th Cir.1988). Because the district court gave no explanation in granting defendants' motion to dismiss and in denying King's motion for a preliminary injunction, meaningful appellate review of the district court's decision is impossible. Therefore, we must vacate the judgment and remand the case back to the district court for further proceedings.
 
 
 6
 Finally, King also argues that the defendants showed a deliberate indifference to his serious medical needs. Because we vacate the district court's judgment and remand for further proceedings, this argument does not need to be addressed at this time.
 
 
 7
 Accordingly, we deny the request for oral argument, vacate the district court's judgment, and remand the case for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit.