47 F.3d 1170
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Melvin CURRIE, Defendant-Appellant.
 No. 93-6437.
 United States Court of Appeals, Sixth Circuit.
 Jan. 9, 1995.
 
 Before: JONES, SILER, and GODBOLD, Circuit Judges.*
 PER CURIAM.
 
 
 1
 This appeal presents the issue of whether the district court erred in denying Defendant-Appellant Melvin Currie's Motion to Suppress Evidence. On November 16, 1992, Currie was indicted for possession of cocaine with intent to distribute in violation of 21 U.S.C. Sec. 841(a)(1) (1988). Currie filed a Motion to Suppress Evidence on December 18, 1992, and after an evidentiary hearing in which the district court narrowed the issue to whether Currie voluntarily consented to the search of his home, the district court denied the motion. We affirm.
 
 I.
 
 2
 On October 19, 1992, Officer Jim Warren, assigned to the Narcotics Division of the Haywood County, Tennessee, Sheriff's Department, received information from a reliable informant that Currie had a large quantity of drugs in his home in Brownsville, Tennessee. Believing that he did not have enough time to get a search warrant, Officer Warren gathered three other officers, and they proceeded to Currie's house.
 
 
 3
 The events surrounding the entry of the officers into the residence of Currie, including the consent form retrieved by Officer Warren that was signed by Currie, have been considered by the court. We note that while none of the officers drew a gun nor verbally advised Currie of his right to refuse the search, the search yielded cocaine in Currie's home.
 
 
 4
 At the close of the suppression hearing, the court rendered its ruling. The court first noted that the issue of this case did not concern a search warrant, exigent circumstances, or probable cause. Rather, the court stated that the issue was whether or not the defendant voluntarily signed the consent form. J.A. at 74. If Currie voluntarily signed the consent form, then the search was valid and all the evidence obtained was admissible. The court then balanced the testimony of Officers Warren and Williams with the testimony of Currie to determine "which set of witnesses was telling the truth." Primarily, however, the court relied on the consent form and the facts surrounding its signing to aid the court in its determination that Currie's consent was voluntary. J.A. at 74-75.
 
 
 5
 Subsequently, Currie entered a conditional guilty plea on May 5, 1993, in which he reserved his right to appeal the court's ruling. He was sentenced to 120 months imprisonment followed by six years of supervised release. This appeal followed.
 
 II.
 
 6
 On review of a motion to suppress evidence, findings of fact will be upheld unless clearly erroneous; a district court's conclusions of law, however, are reviewed de novo. United States v. Duncan, 918 F.2d 647, 650 (6th Cir. 1990), cert. denied, 500 U.S. 933 (1991). Generally, whether consent to a search was voluntarily given is a question of fact. United States v. Buchanan, 904 F.2d 349, 355 (6th Cir. 1990) (citing Schneckloth v. Bustamonte, 412 U.S. 218, 227 (1973)). A district court's finding of voluntary consent will be reversed only if clearly erroneous. Id. (citing United States v. Rose, 889 F.2d 1490, 1494 (6th Cir. 1989)).
 
 
 7
 The parties do not dispute that Currie gave specific consent to search his residence at least two times in his encounter with the officers. Thus, Currie clearly consented to the search of his residence. This, however, does not end our inquiry because a search based on consent requires more than mere expression of approval to the search. United States v. Jones, 641 F.2d 425, 429 (6th Cir. 1981). To constitute a waiver of the rights provided in the Fourth Amendment, a valid consent to search must also be voluntary. Id. (citing Schneckloth, 412 U.S. at 248).
 
 
 8
 Regarding voluntary consent, the government bears the burden of proof to show that the consent was unequivocal and intelligently given, untainted by duress, coercion, or trickery. United States v. Cooke, 915 F.2d 250, 252 (6th Cir. 1990) (citing United States v. McCaleb, 552 F.2d 717, 721 (6th Cir. 1977)). Whether, in a particular case, a consent to search was in fact voluntary or was the product of duress or coercion, express or implied, is a question of fact to be determined from the totality of all the circumstances. Schneckloth, 412 U.S. at 227, 249. Although a subject's knowledge of a right to refuse is a factor to be taken into account, the prosecution is not required to demonstrate such knowledge as a prerequisite to establishing voluntary consent. Id. at 249.
 
 
 9
 We have considered the recent case law cited to the court and the facts of this case, and we conclude that Currie's consent was voluntary.[1]
 
 III.
 
 10
 Next, Currie submits that the district court's alleged failure to resolve a number of factual disputes and to make essential factual findings was reversible error. See United States v. Moore, 936 F.2d 287, 288-89 (6th Cir. 1991) (following United States v. Prieto-Villa, 910 F.2d 601 (9th Cir. 1990)).
 
 
 11
 Currie's contention lacks merit because the district court did make the essential findings of fact necessary for appellate review. Rule 12(e) does not mandate that the district court state on the record every factual finding that it considered in making its decision. The court must address only the essential fact findings that supported its decision. See Fed. R. Crim. P. 12(e).
 
 
 12
 Although the district court did not specifically address all the factual disputes that Currie has raised on appeal, it did consider all the testimony, which included the allegedly unresolved factual disputes, and it stated the factual findings that were essential to its determination. See J.A. at 74-75. In consent cases, this court extends considerable deference to the district court in its credibility findings because credibility is such a key issue. Cooke, 915 F.2d at 252. Because the record is replete with evidence to support the district court's reasonable conclusion, we do not find that a clear error was committed.
 
 IV.
 
 13
 Therefore, we AFFIRM the district court's denial of Currie's Motion to Suppress Evidence.
 
 
 
 *
 The Honorable John C. Godbold, Senior United States Circuit Judge for the Eleventh Circuit Court of Appeals, sitting by designation
 
 
 [1]
 Currie also claims that his consent was not voluntary because the police failed to obtain a search warrant when proof was clear that a judge was readily available. This argument, however, ignores the well-established exception that a warrant is not necessary if the subject consents to the search. Schneckloth, 412 U.S. at 219 ("It is ... well settled that one of the specifically established exceptions to the requirements of both a warrant and probable cause is a search that is conducted pursuant to consent."). In this case, Currie voluntarily consented to the search, so a warrant was not necessary