106 F.3d 402
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Kenneth E. JEFFERSON, Defendant/Appellant.
 No. 96-5169.
 United States Court of Appeals, Sixth Circuit.
 Jan. 22, 1997.
 
 On Appeal from the United States District Court for the Western District of Tennessee, No. 94-20270; Odell Horton, Judge.
 W.D.Tenn.
 VACATED.
 Before: ENGEL, MERRITT, and MOORE, Circuit Judges.
 MERRITT, Circuit Judge.
 
 
 1
 Rule 12(e) Fed.R.Crim.P. states in relevant part, "where factual issues are involved in determining a motion [to suppress evidence], the Court shall state its essential findings on the record." In United States v. Moore, 936 F.2d 287 (6th Cir.1991), the Court held that "compliance with Rule 12(e) is a mandatory obligation" and remanded the case for factual findings on the defendant's motion to suppress.
 
 
 2
 In the instant case the District Court failed to make factual findings adequate for appellate review, as required by Rule 12(e), in respect to the defendant's motion to suppress a nine millimeter pistol that police seized from him outside the Lake Point Apartment complex in Memphis on July 28, 1994. The facts concerning the pat-down search are disputed. The testimony of Melvin Robinson, a witness to the events favorable in some respects to defendant, as well as the testimony of the defendant, was at odds with the testimony of Officer Barre and Cavette. The only factual finding by the District Court consisted of a one-sentence order denying the defendant's motion to suppress "in accordance with the oral ruling of the court." In open court the only ruling was "taking the totality of all the circumstances into consideration and particularly giving strong credibility to the testimony of Mr. Melvin Robinson," the court concluded that the evidence derived from the search should not be suppressed because "reasonable suspicion" existed for the detention of defendant.
 
 
 3
 In view of the fact that the findings of the District Court are inadequate under Rule 12(e), the judgment of the District Court is vacated and the case is remanded to the District Court with instructions to make findings of fact and conclusions of law in accordance with Rule 12(e) of the Fed.R.Crim.P. and United States v. Moore, 936 F.2d 287 (6th Cir.1991).
 
 
 4
 Accordingly, it is so ORDERED.