# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

———————

No. 98-1623EA

———————

Arkansas ACORN Fair Housing, Inc.,    *
                                            *

                  Appellant,    *

                                            *

        v.                      *    Appeal from the United States
                                            *    District Court for the Eastern

Greystone Development, Ltd. Co.,    *    District of Arkansas.
doing business as Greystone, A Golf    *
Community,    *

                                            *

                  Appellee.    *

———————

Submitted:  September 24, 1998
Filed:  November 5, 1998

———————

Before McMILLIAN, HEANEY, and FAGG, Circuit Judges.

———————

FAGG, Circuit Judge.

Arkansas ACORN Fair Housing, Inc. (ACORN) filed suit against Greystone Development, Ltd. Co. (Greystone), contending Greystone's advertisements violated the Fair Housing Act (FHA) because the advertisements included neither African-American models nor an Equal Housing Opportunity logo. See 42 U.S.C. § 3604(c) (1994).  The district court granted Greystone's motion for summary judgment, reasoning ACORN lacked standing to bring the lawsuit.  ACORN appeals.  Reviewing the district court's grant of summary judgment de novo, we conclude the record

presents no genuine issue of material fact and Greystone is entitled to judgment as a matter of law.  See Lujan v. National Wildlife Fed'n, 497 U.S. 871, 883-84 (1990).  Thus, we affirm.

ACORN contends the district court applied the wrong standard in evaluating ACORN's standing and committed error in concluding ACORN lacked standing.  Although our analysis differs somewhat, we agree with the result reached by the district court.  The United States Supreme Court has held the sole requirement for an organization such as ACORN to have standing to sue in its own right under the FHA is injury in fact.  See Havens Realty Corp. v. Coleman, 455 U.S. 363, 372, 378 (1982).  "As long as respondents have alleged distinct and palpable injuries that are 'fairly traceable' to petitioner's actions, the Art. III requirement of injury in fact is satisfied."  Id. at 376; see Spann v. Colonial Village, Inc., 899 F.2d 24, 27 (D.C. Cir. 1990).  A fair housing organization satisfies this requirement where it "devote[s] significant resources to identify and counteract" a defendant's unlawful practices.  Havens, 455 U.S. at 379; see Village of Bellwood v. Dwiveldi, 895 F.2d 1521, 1526 (7th Cir. 1990); Ragin v. Harry Macklowe Real Estate Co., 6 F.3d 898, 905 (2d Cir. 1993); Hooker v. Weathers, 990 F.2d 913, 915 (6th Cir. 1993).  At the summary judgment stage, "[t]he party invoking federal jurisdiction bears the burden of establishing" injury in fact by alleging specific facts that taken as true demonstrate the plaintiff suffered "distinct and palpable injuries that are 'fairly traceable'" to the defendant's actions.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992); Havens, 455 U.S. at 376 (quoting Village of Arlington Heights v. Metropolitan Hous. Dev. Corp., 429 U.S. 252, 261 (1977)).

In this case, the result reached by the district court comports with the standards established by the Supreme Court in Havens.  In its complaint, ACORN claimed Greystone's advertisements injured ACORN's ability to promote fair housing in Arkansas and impaired ACORN's endeavors to help minority home seekers.  ACORN sought damages for staff and volunteer time used in monitoring and investigating

Greystone and to defray the costs of efforts and programs "thwarted" by Greystone's alleged discriminatory conduct. At summary judgment, ACORN offered the affidavit of one of its employees who stated:

> In the period during which the investigation of [Greystone] took place, myself or other staff members spent a minimum of 15 hours per month monitoring advertising of housing providers--including advertising published by [Greystone]--and identifying violators of fair housing laws. During that same period, staff members have spent a minimum of 35 hours per month counteracting the effects of discriminatory advertising practices through education and outreach. . . . Staff time spent monitoring and testing persons or entities which violate the fair housing laws uses resources which would otherwise be spent on other educational activities.

Although ACORN provides general information concerning the resources spent each month monitoring advertisements of a broad base of housing providers and working to counteract the effects of discriminatory advertising, ACORN presents no facts to quantify the resources, if any, that were expended to counteract the effects of a single, allegedly discriminatory advertisement. ACORN has not shown, for example, what resources were used in identifying Greystone in particular as an alleged violator of the FHA, in monitoring or otherwise investigating Greystone once identified, in determining the discriminatory effects specifically attributable to Greystone's advertisements, or in counteracting those discriminatory effects. While the deflection of an organization's monetary and human resources from counseling or educational programs to legal efforts aimed at combating discrimination, such as monitoring and investigation, is itself sufficient to constitute an actual injury, see Ragin, 6 F.3d at 905; Bellwood, 895 F.2d at 1526, the injury must also be traceable to some act of the defendant, see Havens, 455 U.S. at 376. Absent specific facts establishing distinct and palpable injuries fairly traceable to Greystone's advertisements, ACORN cannot satisfy its burden at the summary judgment stage to establish the injury in fact requirement for standing under the FHA. See id.; National Wildlife Fed'n, 497 U.S. at 889; cf. Fair Hous. Council of Suburban Philadelphia v. Montgomery Newspapers, 141 F.3d 71, 76-

78 (3d Cir. 1998) (discussing specific facts required to establish standing in factually similar situation).

The district court correctly ruled that ACORN lacked standing to bring this lawsuit. Thus, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.