**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Gregory BROWN, Defendant–Appellant.**

**No. 00–1586.**

United States Court of Appeals,
Sixth Circuit.

Aug. 24, 2001.

Before MOORE and COLE, Circuit Judges; FORESTER, District Judge.*

\* The Honorable Karl S. Forester, United States Chief District Judge for the Eastern District of Kentucky, sitting by designation.

## ORDER

Gregory Brown, a pro se federal prisoner, appeals a district court order denying his motion to dismiss his indictment for lack of subject matter jurisdiction. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Brown was indicted on one count of conspiracy to possess with intent to distribute and to distribute cocaine and cocaine base, one count of aiding and abetting an intentional killing in furtherance of a continuing criminal enterprise, and one count of using and carrying a firearm during and in relation to a crime of violence. He was convicted following a jury trial and sentenced to life in prison. A panel of this court affirmed his conviction and sentence on direct appeal. *See United States v. Brown*, No. 97–1618, 2000 WL 876382 (6th Cir. June 20, 2000), *cert. denied*, 531 U.S. 1057, 121 S.Ct. 670, 148 L.Ed.2d 571 (2000).

In his motion to dismiss, filed while his direct appeal was still pending, Brown sought dismissal of the conspiracy count and the intentional killing count on the ground that the district court constructively amended those counts in the instructions given to the jury. Specifically, Brown asserted that the district court amended the conspiracy count by deleting some of the coconspirators' names from the indictment, including only the seven who testified against Brown instead of all 17 listed in that count as charged. Brown further contends that the district court constructively amended the intentional killing count by describing the continuing criminal enterprise in specific terms, thus broadening it by providing details that were not charged in the indictment. Brown claims that these alleged constructive amendments constitute plain error.

The district court denied Brown's motion in an unreasoned marginal order filed on May 4, 2000.

On appeal, Brown continues to argue that these constructive amendments invalidated the dictment and deprived the district court of subject matter jurisdiction over the offenses. He has also filed motions for the appointment of counsel and to take judicial notice of the district court's dismissal of all charges against coconspirator Terrance Brown.

Upon review, we affirm the district court's order because that court did not have jurisdiction over the case while Brown's direct appeal was pending before this court.

This court does not favor unreasoned marginal entries denying relief to a party, considering them to be a violation of Fed. R.Civ.P. 58, and upholds the practice only where the reasons for the denial are unequivocally apparent elsewhere in the record. *See FDIC v. Bates*, 42 F.3d 369, 373 (6th Cir.1994); *Hooker v. Weathers*, 990 F.2d 913, 914–15 (6th Cir.1993). However, this is one of those rare occasions where the reason for denial is unequivocally apparent.

Generally, the filing of a notice of appeal divests the district court of jurisdiction and transfers jurisdiction to the court of appeals with regard to any matters except those "in aid of the appeal" or to correct clerical errors under Fed.R.Civ.P. 60(a) until the district court receives the mandate of the court of appeals. *See Marrese v. American Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 379, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985); *Dickerson v. McClellan*, 37 F.3d 251, 252 (6th Cir.1994) (order). Brown filed the notice of appeal challenging his conviction and sentence on May 28, 1997. This court's mandate was issued on August 14, 2000. Thus, the district court did not err in summarily dismissing Brown's intervening motion be-

cause it had no jurisdiction to address the merits of the motion.

Accordingly, Brown's motions to appoint counsel and to take judicial notice are denied. The district court's order summarily denying the motion to dismiss the indictment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.