Tonia HUGHES; Barry Hughes; Plaintiffs,

and

**Fair Housing Contact Service, Plaintiff–Appellant,**

v.

**James PESHINA; Linda Peshina; LJP Family Trust, Defendants–Appellees.**

**No. 02–3660.**

United States Court of Appeals, Sixth Circuit.

Jan. 27, 2004.

---

Edward G. Kramer, Kramer & Associates, Cleveland, OH, Lisa Gold Scott, Cleveland, OH, for Plaintiff–Appellant.

Patrick M. Dull, Office of the Attorney General, Columbus, OH, for Amicus Curiae.

William D. Edwards, Ulmer & Berne, Cleveland, OH, for Defendants–Appellees.

Before SILER, DAUGHTREY and GIBBONS, Circuit Judges.

## OPINION

PER CURIAM.

Plaintiff-appellant Fair Housing Contact Service (FHCS) seeks reversal of the district court's dismissal of its complaint alleging violations of state and federal fair housing law. The district court reasoned that FHCS lacked standing to pursue its claims. We reverse and remand for further proceedings.

In January 2000 Barry and Tonia Hughes sought an available residence to rent or buy for themselves and their three young children. After they encountered difficulty in renting a duplex owned by defendant-appellee LJP Family Trust, which was controlled by defendants-appellees James and Linda Peshina, they contacted FHCS, a fair housing advocacy organization operating a housing complaint service. FHCS investigated the Hugheses's complaint and conducted a test at the LJP duplex property. It then filed a complaint with the Ohio Civil Rights Commission (OCRC) and the Department of Housing and Urban Development (HUD) on behalf of the Hugheses alleging discrimination by the Peshinas on the basis of familial status and filed a separate complaint with HUD on its own behalf alleging discrimination against the Hugheses by the Peshinas. HUD referred the complaint to the OCRC for investigation. After the OCRC found probable cause to believe that discrimination had occurred, the Hugheses and FHCS filed a complaint against the LJP Family Trust and the

274

Peshinas in the United States District Court for the Northern District of Ohio. They alleged that LJP and the Peshinas had violated the Fair Housing Act. 42 U.S.C. § 3601 *et seq.,* and Ohio's Civil Rights Act, Ohio Revised Code. § 4112.02, by discriminating against the Hugheses on the basis of familial status.

A few weeks before the trial date of May 13, 2002, the Hugheses and FHCS moved for a continuance of the trial due to illness of FHCS's counsel. The court granted the motion as to FHCS. but denied the Hugheses' motion for a continuance and determined that trial on their claims would proceed on May 13. On May 8, 2002, the Hugheses, pursuant to Fed.R.Civ.P. 41(a), moved to dismiss their federal claims with prejudice and their state claims without prejudice. The district court dismissed all the Hugheses' claims with prejudice and then *sua sponte* ordered the dismissal of FHCS's claims with prejudice, stating that "its claims are derived from that of the Hughes." The court also denied pending summary judgment motions as moot. This appeal followed.

"A party's standing is a question of law reviewed *de novo.*" *Am. Fed'n of Gov't Employees v. Clinton,* 180 F.3d 727, 729 (6th Cir.1999). The Supreme Court has long recognized that fair housing organizations may have standing to pursue claims against property owners who violate the Fair Housing Act. *Havens Realty Corp. v. Coleman,* 455 U.S. 363, 372, 102 S.Ct. 1114, 71 L.Ed.2d 214 (1982). "[T]he sole requirement for standing to sue under [the Fair Housing Act] is the Art. III minima of injury in fact: that the plaintiff allege that as a result of the defendant's actions he has suffered a distinct and palpable injury." *Id.* (citations omitted). The fair housing agency need not show that the defendants violated its rights in any way. *Id.* at 376 n. 16.

Here FHCS devoted its efforts to investigating whether LJP and the Peshinas had violated the law, thus diverting its resources away from the other housing services it provides and frustrating its mission of insuring fair housing practices. It has thus alleged a distinct and palpable injury and has sufficiently established its standing. *See id.* at 379; *Hooker v. Weathers,* 990 F.2d 913, 915 (6th Cir.1993). Thus, the district court erred in its *sua sponte* dismissal of FHCS's claims.

LJP and the Peshinas urge us to consider their summary judgment motions and argue that we should affirm the district court judgment on different grounds. We decline to undertake consideration of these motions for the first time on appeal. Instead, we reverse the district court judgment and remand for further proceedings.