RYAN, Circuit Judge,
concurring.
Were it not for Hooker v. Weathers, 990 F.2d 913 (6th Cir.1993), I would hold that the Fair Housing Council, Inc., does not have Article III standing to maintain this lawsuit. It is well settled that a housing organization that has not suffered a “concrete and demonstrable injury to [its] activities,” Havens Realty Corp. v. Coleman, 455 U.S. 363, 379, 102 S.Ct. 1114, 71 L.Ed.2d 214 (1982), is without standing to bring suit to enforce the Fair Housing Act, 42 U.S.C. § 3604.
It strikes me as obvious that a nonprofit corporation created for the purpose, inter alia, of bringing lawsuits to enforce the FHA, has not suffered a “concrete and demonstrable injury to [its] activities,” (emphasis added), simply by conducting one of its activities — finding suable defendants. But Hooker has held otherwise, and it is a binding precedent I am not free to ignore and cannot distinguish in any meaningful way. Therefore, I am compelled to concur in a judgment that the Fair Housing Council, Inc., has standing, under Article III, to sue the defendant to enforce the Fair Housing Act. I agree that the Center For Accessible Living, Inc., does not have standing. I also agree that Fair Housing’s lawsuit was not barred by the applicable two year statute of limitations, 42 U.S.C. § 3613(a)(1)(A).